WILCOX v. BLACKWELL.

(*Knoxville.* September 18, 1897.)

1. EVIDENCE. *Recitals of deed.*

The recital in a deed purporting to convey three undivided interests in a tract of land, that the grantor had purchased two of such interests through regular conveyances from the owners thereof, is insufficient, in the absence of the conveyances referred to, to establish the fact that the owners of such interests had conveyed the same as recited. (*Post, pp. 353, 354.*)

2. CLOUD ON TITLE. *Removal of.*

The complainant in a suit to remove cloud from title must aver and prove title in himself, to the exclusion of title in all others, whether parties or not to the suit. (*Post, pp. 354, 355.*)

Case cited and approved: King v. Coleman, 98 Tenn., 561.

---

FROM CARTER.

---

Appeal from Chancery Court of Carter County. JOHN P. SMITH, Ch.

TIPTON & SIMERLY and SMITH & EDENS for Wilcox.

H. M. FOLSOM and KIRKPATRICK, WILLIAMS & BOWMAN for Blackwell.

CALDWELL, J. In the year 1838, A. W. Taylor and C. M. Gourley, as equal tenants in com-

mon, entered 5,000 acres of land situated in Car-
ter County, and in 1849 they obtained a grant
thereto from the State. Half a century later,
other persons entered and obtained grants to 400
acres of the same land. Taylor and Gourley died,
still owning their respective original and 'undivided
interests in the 5,000 acres; and in January, 1891,
the heirs and devisees of Taylor, as owners of his
share, and C. N. Wilcox, who claimed to have pur-
chased the moiety of Gourley's heirs, filed this bill,
jointly, to restrain waste by W. P. Blackwell, who
was in possession of the 400 acres under claim of
ownership through the junior entries and grants and
certain mesne conveyances, and to remove his claim
as a cloud upon the title of the complainants. The
Chancellor granted the full relief sought; and the
Court of Chancery Appeals affirmed his decree as to
the half interest of Taylor, but adjudged that Wil-
cox had shown title to only three-sevenths of the
Gourley moiety, and, therefore, gave him relief to
that extent alone. Wilcox has appealed, and as-
signed error against that part of the latter decree
that limited his relief to three-sevenths of Gourley's
moiety. The limitation was rightfully made. The
burden was upon Wilcox to establish his title, and
his relief could not go beyond his title. Gourley
had seven children, to whom, as equal tenants in
common, his moiety descended.

Wilcox alleged in the bill that he had acquired
the interests of all the children, but he proved title

15 P—23

to only three of the undivided shares, hence, it was right to limit his relief to three-sevenths of the Gourley moiety. He exhibited separate deeds of conveyance from three of the Gourley heirs, two conveying one share each, and one purporting to convey three shares—that of the conveyor himself, and two others that the deed recited he had previously purchased through regular conveyances from two of his brothers. This important recital, however, was not verified by the production of conveyances from those brothers, as should have been done to show that they had in fact parted with their title as claimed, consequently, the deed to Wilcox must be held, upon this record and in the absence of such confirmation, to have passed the title to the original share of the grantor only. As to the other two shares, attempted to be conveyed to Wilcox by this instrument, one link in his chain of title is missing, and, because of that fact, his suit must fail as to those two shares. His assertion of title to two other shares rests upon certain judicial proceedings which the Court of Chancery Appeals properly held to be fatally defective. Thus, it appears that Wilcox has established his title to only three shares of the Gourley moiety—one under each of the three deeds from three of the Gourley heirs. He has shown no title in himself to the other four shares, and, for that reason, he can have no relief in this proceeding as to them.

No matter how unjust the claim, and how imperfect the title of Blackwell may be asserted and

shown to be, such a bill as this can be maintained by those persons only who are shown to possess a perfect title. None but the owners of the title, the thing obscured by the wrongful claim of another, can successfully sue to remove that claim as a cloud upon that title, or to eject the wrongful claimant. King v. Coleman, 98 Tenn. (S. C., 40 S. W. Rep., 1084), and citations.

Having established his title to only three shares, Wilcox can have relief as to only three shares. His relief must be limited by his title.

Joint relief as to the whole of the Gourley moiety cannot be granted to Wilcox and the four Gourley heirs, to whose shares he has failed to show title in himself, because those heirs are not before the Court and the suit was not brought for their benefit. Relief to those persons, or in their behalf, would be foreign to the pleadings, and absolutely antagonistic to the frame and purpose of the bill. Wilcox alleged, unconditionally, that he was the sole owner of the Gourley moiety, and sought relief for himself exclusively. Relief to others, or for their benefit, can never be allowed in such a case.

Decrees in equity are based upon the pleadings and the proof together—not upon the one or the other alone—and for the greater reason are they not allowed upon the one contrary to and in conflict with the other.

Affirmed.