Jones *v.* Nixon.

# JONES *v.* NIXON.

## (*Nashville.* March 15, 1899.)

1. BILL QUIA TIMET. *To prevent cloud on title.*

    A vendor who has conveyed a perfect title with full covenants of warranty and placed his vendees in possession, can maintain a bill *quia timet* to prevent and enjoin the clouding of that title by confirmation of a sale of the property to a third party, made in a chancery cause to which neither he nor his vendees, nor other person having title thereto, were parties. (*Post, pp. 96–102.*)

2. SAME. *Same.*

    Bills *quia timet* lie to prevent, as well as to remove, clouds on title, and the same principles are applied in both classes of cases. (*Post, pp. 97–99.*)

    Cases cited and approved: Merriman *v.* Polk, 5 Heis., 717; 5 Paige, 492; 63 N. Y., 489; 130 Mass., 16; 2 Cal., 588; 72 Ill., 606; 5 Ohio, 178.

3. SAME. *Entertained where challenged claim is void.*

    Bills *quia timet* to prevent or remove clouds on title are entertained by Courts of Equity alike, whether the instrument or proceeding complained of is or is not void at law, and whether it be void from matter appearing on its face or from proof taken in the cause. (*Post, pp. 99, 100.*)

    Cases cited and approved: Jones *v.* Perry, 10 Yer., 59, 83; Almony *v.* Hicks, 3 Head, 41; Porter *v.* Jones, 6 Cold., 318; 1 Johns. Ch., 517.

4. SAME. *Maintainable by party without title or possession, when.*

    Although a vendor has parted with both title and possession of property, he has, nevertheless, such interest, by reason of the obligation under his warranty to protect the title of his vendee, as enables him to maintain a bill *quia timet* to prevent or remove cloud on title. (*Post, pp. 100–102.*)

Cases cited and approved: Coal Creek, etc., Co. *v.* Ross, 12 Lea, 1;
26 Wis , 91; 12 Minn., 276; 3 Fed. Rep., 86.

Cases cited and distinguished: Wilcox *v.* Blackwell, 99 Tenn., 352;
King *v.* Coleman, 98 Tenn., 570; 110 U. S., 25; 121 U. S., 556;
18 How., 265; 155 U. S., 414; 129 Mass., 377; 54 Wis., 114.

FROM   HICKMAN.

Appeal from the Chancery Court of Hickman
County. W. L. GRIGSBY, J.

J. A. PITTS, M. H. MEEKS for Jones.

BATES & CLOGITT, NIXON & KNIGHT, and J. C.
BRADFORD for Nixon.

CALDWELL, J. This cause comes up on bill and
demurrer. For the purposes of this opinion but
one branch of the case need be stated, and as to
that the statement will be brief and in such form
only as will be necessary to present the legal ques-
tions to be decided.

Complainant, S. G. Jones, alleges that he was
the true and unquestioned owner, in fee, of 1,600
acres of land in Hickman County; that he sold that
land in parcels to different persons years ago by
absolute deeds with full covenants of warranty and
put his vendees in possession; that they have since
been, and now are, in quiet, open, notorious, and
adverse possession of their respective portions of said
land as unconditional owners thereof, but that, re-

cently, by some mistake or oversight, without pleading, process, or jurisdiction in respect thereto, the said land has been sold under decree of the Chancery Court as a part of the assets of the estate of O. A. Nixon, deceased, to whom no part of it ever belonged; that the defendant, Henry Nixon, became the purchaser at that sale of the whole 1,600 acres for the small sum of $130, and will soon have his purchase confirmed by the Court and a cloud thereby cast upon the title of complainant's vendees unless he shall be prevented therefrom by appropriate decree in this cause.

Demurrants deny that complainant shows such interest in the land as will entitle him to the relief sought. The Chancellor and the Court of Chancery Appeals, successively, overruled the demurrer, and the defendants have appealed the second time.

The bill, in its essence, is one brought by the rightful vendor of land and warrantor of its title to prevent a cloud upon the title of his vendees in possession. Can such a bill be maintained by such a person, he being without either title or possession?

In some important particulars a close kinship exists between what are known in the books as "bills of peace" and bills *quia timet*, and in others there is a wide difference between them. The points of similarity and dissimilarity will not be dwelt upon here, however, since the present bill is so plainly and exclusively of the latter kind.

18 p—7

In the case of *Holland* v. *Challen*, Mr. Justice Miller said: ''A bill *quia timet*, or to remove a cloud upon the title of real estate, differed from a bill of peace, in that it did not seek so much to put an end to vexatious litigation respecting the property as to prevent future litigation by removing existing causes of controversy as to its title. It was brought in view of anticipated wrongs and mischiefs, and the jurisdiction of the Court was invoked because the party feared injury to his rights and interests.'' 110 U. S., 20.

Judge Story says bills *quia timet* ''are in the nature of writs of prevention to accomplish the ends of precautionary justice. They are, ordinarily, applied to prevent wrongs or anticipated mischiefs, and not merely to redress them when done. The party seeks the aid of a Court of Equity because he fears (*quia timet*) some future probable injury to his rights and interests, and not because an injury has already occurred which requires any compensation or other relief.'' 2 Story Eq. Jur., Sec. 826.

It is through bills of this kind, then, that clouds are removed from title to real estate. 3 Pomeroy Eq. Jur., Sec. 1398; *Holland* v. *Challen*, 110 U. S., 16; *Hayward* v. *Dimsdale*, 17 Ves., 111; *Almony* v. *Hicks*, 3 Head, 89; *Anderson* v. *Talbott*, 1 Heis., 408.

Strictly speaking, the present bill is not brought to remove a cloud from title, but it is intended, rather, to prevent the consummation of a proceed-

ing that would, unhindered, result in obscuring that title. The difference is not one of controlling importance, however, for the jurisdiction of Courts of Equity to grant the desired relief is as well established in the one case as in the other, and the principles authorizing the prevention of clouds are generally the same as those applied in removing clouds. *Pettit* v. *Shepherd*, 5 Paige, 492; *Sanders* v. *Yonkers*, 63 N. Y., 489; *Lyon* v. *Alley*, 130 U. S., 177; *O'Hare* v. *Downing*, 130 Mass., 16; *Shattuck* v. *Carson*, 2 Cal., 588; *Groves* v. *Webber*, 72 Ill., 606; *Norton* v. *Beaver*, 5 Ohio, 178; *Merriman* v. *Polk*, 5 Heis., 717.

In the last four of those cases the bill was filed, as in this instance, to prevent the completion of a judicial sale, which, if consummated, would cast a cloud upon the title of the compainant.

The Courts have been wide apart in their opinions and decisions in relation to the character of the instruments that may be canceled in equity as clouds upon title. Some have maintained the view that such deeds, contracts, and proceedings as appear upon their face to be void in law, are not in fact clouds, and, hence, should not be interfered with by a Court of Equity, but left for judgment at law; and that equitable relief should be granted as to such instruments only as appear upon their face to be valid in law, and are shown by extrinsic evidence to be invalid. Others have thought and held that equitable relief was warranted alike in each class of cases,

and that it should be granted with equal certainty. whether the basis of the challenged claim of the adverse party was absolutely void or only voidable.

This Court is one of those that has spoken in favor of the latter view. *Jones* v. *Perry*, 10 Yer., 59, 83; *Almony* v. *Hicks*, 3 Head, 41; *Porter* v. *Jones*, 6 Cold., 318.

Chancellor Kent thought "the weight of authority and the reason of the thing," both, "in favor of the jurisdiction of the Court, whether the instrument is or is not void at law, or whether it be void from matter appearing on its face, or from proof taken in the cause." *Hamilton* v. *Cummings*, 1 Johns. Ch., 517.

Professor Pomeroy also prefers the broader view, but thinks the "majority of American decisions" against it. 3 Pom. Eq. Jur., Sec. 1399.

Likewise there has been no little contrariety of judicial opinion upon the question whether or not, to entitle him to the relief sought, the party seeking to remove or prevent a cloud on title must be in possession of the land.

A discussion of this question at this time is rendered unnecessary by the fact that this court long ago decided that possession by the complainant in such a suit was not essential to the Court's jurisdiction, and that relief would be granted him, in a proper case, though out of possession. *Johnson* v. *Cooper*, 2 Yer., 525; *Almony* v. *Hicks*, 3 Head,

42; *Anderson* v. *Talbot*, 1 Heis., 410; *Bank* v. *Ewing*, 12 Lea, 601.

With respect to the matter of title the authorities are almost unanimous. At least it is an undoubted and well settled general rule that the party asking relief against a cloud already cast, or one that is impending, must show himself to be the true owner of the legal title before he can justly be awarded that which he seeks. If he does not own the thing obscured, or about to become so, he, generally, has no standing in Court. The object of the bill being protection of the true legal title, it is, in ordinary cases, of the essence of his right to the relief that the complainant be the owner of that title. If he be not its owner, he is, ordinarily, without a basis for the relief sought, and should be repelled. Such, beyond question, is the well established general rule. *Holland* v. *Challen*, 110 U. S., 25; *Frost* v. *Spitley*, 121 U. S., 556; *Orton* v. *Smith*, 18 How., 265; *Dick* v. *Foraker*, 155 U. S., 414, 415; *Davis* v. *Boston*, 129 Mass., 377; *Smith* v. *Sheny*, 54 Wis., 114; *King* v. *Coleman*, 98 Tenn., 570; *Wilcox* v. *Blackwell*, 99 Tenn., 352.

An exception to this rule is sometimes allowed in favor of the owner of an equitable title when his equity against the defendant is of such a nature "as to draw from him his legal title" (*Coal Creek M. & Mfg. Co.* v. *Ross*, 12 Lea, 1), and when he has no other adequate means of protection.

Another exception has been made, in some of the

Courts, in favor of the vendor of land with warranty of title, his obligation to . protect the title of his vendee being deemed a sufficient interest in the subject-matter to authorize his timely interposition and warrant the aid of a Court of Equity. *Ely* v. *Wilcox*, 26 Wis., 91; *Chamblin* v. *Slichter*, 12 Minn., 276; *Remer* v. *Mackay*, 3 Fed. Rep., 86.

This exception covers the present case exactly, and under it the bill should be sustained. Jones is bound, by the covenants of his deed, to defend and protect the title of his several vendees, and he ought to be allowed to do so, if he chooses, by an aggressive anticipatory action, rather than wait and make defense to the prospective suit or suits of him who is about to consummate proceedings that will cast a dangerous cloud upon that title. He is undoubtedly an interested party. In reality it may turn out that he, of all persons, is the one most concerned in the dissipation of the impending cloud, and, being so, a Court of Equity will not be slow to come to his relief.

Affirmed.