CLAY v. SLOAN.

(*Jackson.* April 12, 1900.)

1. EJECTMENT. *Plaintiff must show title.*

To maintain an ejectment bill the complainant must show title by deraignment from the State or from a common source, or by the requisite possession under color of title. (*Post, p. 402.*)

2. FORCIBLE ENTRY AND DETAINER. *Possession essential.*

Forcible entry and detainer or unlawful detainer cannot be maintained for lands of which the plaintiff has never had possession otherwise than to stretch a wire across it, making no inclosure. (*Post, p. 402.*)

3. BURDEN OF PROOF. *Upon complainant, when.*

The burden is upon the complainant in ejectment to establish his boundary where that is in dispute. (*Post, pp. 402–405.*)

---

FROM CARROLL.

---

Appeal from Chancery Court of Carroll County. A. G. HAWKINS, Ch.

Jo. R. & LEE B. HAWKINS for Clay.

McCALL & McCALL for Sloan.

WILKES, J. The bill in this case is of a somewhat mixed character. In some respects it is

Clay *v.* Sloan.

an ejectment bill to recover a small strip of land lying between two adjoining owners. In other features it is an action of forcible entry and unlawful detainer, and in still another aspect of the case it is a bill to establish boundary lines and to fix them between the adjoining proprietors. The Chancellor refused any relief, and dismissed the bill, and complainant has appealed and assigned errors.

We are of opinion the bill cannot be sustained as an ejectment bill, because the title of complainant is not deraigned from the State or from any common source.

It cannot be sustained as an action of forcible entry and unlawful detainer, as the proof, we think, fails to show that complainant was in such possession when the suit was brought as would warrant the action. There is some proof that he had stretched a single wire across the narrow strip of land, but this was not such inclosure or possession as the law contemplates, and even this appears to have been put up after the defendant had built his fence inclosing the strip, according to the weight of the testimony.

The case has, however, been treated in this Court upon the idea that it is to fix the corner and boundary lines between these parties, and we proceed to consider that view of the case.

Defendant claims under what is called the Patton title, which calls for a north line running

east and west 323 poles in length, the entire tract being a parallelogram. The confusion arises out of the uncertain location of the northwest corner of the tract. It is virtually conceded that this corner should have a hickory and oak pointers, and defendant's deed calls for a stake with oak and hickory pointers, one of the inner corners of complainant's lands. It appears that there is a hickory at or near the point where complainant claims, but there is much question as to whether it is marked, and is not of too young growth to have been used as a landmark, when the land was surveyed and lines marked in 1881 or 1882. There is also testimony to the effect that there was another hickory at the point claimed by defendants, but it has been destroyed.

After hearing the case in the Court below, the Chancellor said that he was unable from the proof to come to any conclusion as to where the real dividing line was between the parties, and suggested that Mr. Ridley, a surveyor who had been examined for the defendant, should go upon the lands and survey them, stating that he considered Mr. Ridley the most competent surveyor attainable. This was acceded to by defendants, but after consideration complainant declined, on the ground that in opinion of counsel no survey was necessary, and he did not consider Mr. Ridley a competent surveyor, but suggested the county surveyor if one must be had; thereupon the Chancellor stated that

Clay *v.* Sloan.

he would decide the case himself, and that in his opinion complainant had not made out his case satisfactorily, but he was of opinion the trouble in the way might be relieved by a survey. In this condition the record comes to us, and we find ourselves in much the same condition as was the Chancellor, and the proof does not show satisfactorily where the corners and dividing lines are. We think it incumbent on the plaintiff to show this, and he has not done so. It does appear, however, that defendant cannot get the entire length of his east and west line or his northern boundary without going to the point claimed by him, while the title papers, so far as produced by complainant, do not locate this point on an east and west line otherwise than located by the calls of defendant's title papers.

It appears that this east and west line has been in controversy before, and a suit was brought by J. T. Clay, a brother of complainant, and holding under the same title as complainant, against the defendants to this cause. That cause was heard in this Court, and it was determined that this east and west line was 323 poles long, and went to the point now claimed by defendants. While the parties complainant were not the same in the two cases, they did hold under the same title papers, and the question of the length of this east and west line was involved, and decided contrary to the contention of the present complain-

Clay *v.* Sloan.

ant, while there is quite a conflict of evidence in this case between the witnesses, and even different statements of the same witness.

We are of opinion complainant has not made out his case, and the bill is dismissed at his cost.