SWAINSON *et al. v.* C. A. SCOTT.

(*Knoxville.*   September Term, 1903.)

1.  **EJECTMENT.**   **To maintain, plaintiff must show title.**

The law is well settled that, in order to maintain ejectment, the plaintiff must deraign title either from the State by a grant or from a common source, or he must prove such long possession as that the court will presume that the land was granted to him or his predecessor in title, or that his possession under a color of title has become perfected by the statute of limitations. (*Post, pp.* 141-142.)

Cases cited and approved: Snoddy v. Kreutch, 3 Head, 301; Jones v. Nixon, 102 Tenn., 95; King v. Coleman, 98 Tenn., 561; Clay v. Sloan, 104 Tenn., 401; Wilcox v. Blackwell, 99 Tenn., 352; Hubbard v. Godfrey, 100 Tenn., 150.

2.  **EVIDENCE.**   **Recitals in a deed not proof of grant against stranger and adverse claimant.**

References to a grant, claimed to be lost and the record evidence thereof destroyed, contained in deeds introduced by complainant in ejectment as links in deraignment of title are not sufficient to establish the existence of an original grant as against a stranger to the deed claiming by title paramount and adverse. (*Post, pp.* 142-143.)

Cases cited: Henderson v. Galloway, 8 Humph., 691; Baxter v. First National Bank, 85 Tenn., 33-44; Wilcox v. Blackwell, 99 Tenn., 352; Downing v. Stephens, 1 Baxter, 454.

3.  **SAME.**   **Same.   Recitals in deed not evidence of grant, because offered and read without objection.**

Where no notice is given by a complainant in ejectment of a purpose to rely on recitals in deeds properly introduced in his deraignment of title as tending to establish the existence of a grant, the failure of defendant to interpose an exception to the introduction of such deeds does not make the recitals competent evidence to establish a grant. (*Post, pp.* 143-144.)

Swainson v. Scott.

---

FROM MONROE.

---

Appeal from the Chancery Court of Monroe County.—
T. M. McConnell, Chancellor.

McCroskey & Peace, for Swainson *et al.*

Pritchard & Sizer, for C. A. Scott.

---

Mr. Justice McAlister delivered the opinion of the court.

This is an ejectment bill to recover a tract of land comprising 3,860 acres, more or less, situated in Monroe county, Tenn. Defendant denied complainants' title and averred a superior title to all the land claimed. Complainants, in the deraignment of their title from the State, have failed to produce any grant to the land in controversy. It is not insisted that complainants have had sufficient possession under a color of title, or otherwise, to perfect their title under the statute of limitations.

It is well settled that, in order to maintan ejectment, the plaintiff must deraign title either from the State by grant or from a common source, or he must prove such long possession as that the court will presume that the land was granted to him or to his predecessor in title, or that his possession under a color of title has become

perfected by the statute of limitations.          *Snoddy* v.
*Kreutch,* 3 Head, 301; *Jones* v. *Nixon,* 102 Tenn., 95,
50 S. W., 740; *King* v. *Coleman,* 98 Tenn., 561, 40 S. W.,
1082; *Clay* v. *Sloan,* 104 Tenn., 401, 58 S. W., 229; *Wilcox* v. *Blackwell,* 99 Tenn., 352, 41 S. W., 1061; *Hubbard*
v. *Godfrey,* 100 Tenn., 150, 47 S. W., 81.

It is contended, however, that complainants have, by
secondary evidence, established the existence of the original grant, and hence that their deraignment of title
has been made out.     This contention is based on the fact
that complainants, in introducing the links in their
chain of title, produced certain deeds which on their
face referred to the original grant, and it is insisted that
these recitals, on account of the antiquity of the deeds,
and the loss of the register's books of the Hiwassee district covering the period when this grant ought to have
been issued, is sufficient to establish the fact that the
grant did issue.     The deeds recited that the land conveyed therein had been granted by the State to Richard
Dunlap by grant No. 2,383, dated March 5, 1832, registered in the register's office of the Hiwassee district,
and that said grant is based upon entry No. 3,908, dated
April 8, 1830.

The court of chancery appeals does not find that any
one had ever seen the original grant for this land, or a
copy of the same on the books in the register's office of
the Hiwassee land district.     There is a general finding
that the particular book of the register's office covering

Swainson v. Scott.

the period when this grant purported to have been issued was lost or mislaid during the civil war.

It is clear that the mere recitals in said deed are not competent to establish the existence of the grant against the defendant. Such recitals would, of course, bind the original parties to the deeds, and their privies in estate or blood, and all those claiming under them, but it does not bind strangers to the deed on which the recital was made, nor those who claim by title paramount and by an adverse title. Newell on Ejectment, 343.

In *Henderson* v. *Galloway*, 8 Humph., 691, it was held that the recital in a trustee's deed that he had given the notice to the grantor required by the terms of the deed is not, as against persons claiming as purchasers under a subsequent deed of trust by the same grantor, *prima facie* evidence that the notice was, in fact given. In *Baxter* v. *First National Bank of Knoxville*, 85 Tenn., 33-44, 1 S. W., 501, the same principle is announced. *Wilcox* v. *Blackwell*, 99 Tenn., 352, 41 S. W., 1061.

A well-recognized exception to the general rule is that the recital in a sheriff's deed in respect of his own acts is *prima facie* evidence of the facts recited, but this exception rests upon the ground that the sheriff is a public ministerial officer, and his recitals are made upon his oath of office; but it has been held that recitals even in a sheriff's deed that certain things were done by his predecessor in office are not evidence. *Downing* v. *Stephens*, 1 Baxt., 454.

But it is insisted on behalf of the complainants that,

while this rule is correct, no objection was interposed by the defendant to the introduction of these recitals in evidence. While this is true, it does not appear that these recitals were offered in evidence for the purpose of showing the existence of a grant, but they appear in deeds introduced by complainants as constituting links in their deraignment of title. It was perfectly competent for complainants, in establishing their title, to introduce their deeds, and defendant could interpose no objection to their introduction until notice was given of the purpose to rely upon the recitals contained therein. No objection could be successfully interposed to the introduction of the deeds themselves, but the exception must necessarily be limited to the evidential effect sought to be given the recitals. Since no notice was given by complainants of a purpose to rely upon the recitals as tending to establish the grant, defendant was not called upon to interpose an exception to the introduction of the deeds. The failure of complainants to produce a grant in deraignment of their title is fatal to a recovery in this case.

It results that for this reason the decree of the court of chancery appeals must be affirmed, with costs.