Sam M. **ROBERTS** and wife, Katie
**Roberts** and Mitchell **Pickard**,
Appellants,

v.

Glen **CANTRELL** et al., Appellees.

Court of Appeals of Tennessee,
Western Section.

Sept. 15, 1977.

Certiorari Denied by Supreme Court
Dec. 5, 1977.

William A. Largen, Dresden, for appellants.

Allen J. Strawbridge, Jr., Martin, for appellees.

NEARN, Judge.

The original complaint by Sam M. Roberts et al. was one *quia timet* to remove a cloud on title. By the proof and amendments the case also took on the appearance of a boundary line dispute with charges and counter-charges of adverse possession. The Chancellor found both title and possession to be in the defendants, Cantrell. Plaintiffs have appealed.

The Assignments of Error can be narrowed to: (1) the evidence preponderates against the Chancellor's findings and (2) the Chancellor erred in considering certain evidence.

The land in dispute consists of about 10 acres of timber land which is located at a corner where the land of plaintiffs' and defendants' touch.

We will first consider the evidentiary complaint of appellants.

During the course of the trial the defendants introduced into evidence a recorded deed dated January 21, 1908 executed by defendants' predecessor in title, Pentycost, to the next predecessor in title, Burton, describing the boundary along a creek to be 140½ poles in length and further reciting that "this being the line established by agreement between U. Pentycost & A. Roberts [plaintiffs' predecessor in title] on December 27, 1907 . . ." The 140½ pole call is the one now in dispute. Plaintiffs insist it is 100 poles in length and the mention of the agreement contained in the deed should not have been considered by the Chancellor because neither the agreement nor a copy of same was ever introduced into evidence. Reliance is placed upon the case of *Wilcox v. Blackwell* (1897) 99 Tenn. 352, 41 S.W. 1061, to support the rejection of consideration of the alleged agreement. In that case complainant filed his bill to enjoin waste and remove a cloud on title. Complainant sought to prove title by a deed which conveyed less than the full interest to complainant but recited that complainant had previously purchased the other interests through regular conveyances. The other "regular conveyances" were never adduced in proof. The Court held that the

deed recital of other "regular conveyances" would not suffice as proof of title in the complainant of the outstanding interests.

█ We do not believe the *Wilcox* case, supra, is applicable. In this case we are not concerned with missing unconveyed incorporeal interests in the fee. We are concerned with basic real property that is, land and where it lies. In such matters statements of deceased persons concerning boundary locations are admissible. Particularly is it competent to establish the location of lines by declaration of former owners. *Montgomery v. Lipscomb* (1900) 105 Tenn. 144, 58 S.W. 306; *Davis v. Jones* (1859) 40 Tenn. (3 Head) 603. The deed in question was certainly admissible to show defendants' chain of title and the declaration of the deceased former owner as to the location of a disputed boundary is admissible to show the location of the land.

The Assignment of Error is overruled.

█ The record reveals that since 1908 each deed in defendants' chain of title has specifically described defendants' land by metes and bounds and has used the now disputed 140½ pole call. It was not until 1959 that conveyances in plaintiffs' chain of title began to use metes and bounds descriptions. Prior to that time plaintiffs' deed contained a bounded description only, e. g., bounded on the north by the lands of A, on the south by the lands of B, on the east by the lands of C and on the west by the lands of D. The metes and bounds description used by plaintiffs in their original complaint came into existence in the year 1959 when a surveyor was hired to survey the land using plaintiffs' old deeds and who admitted on cross-examination that he considered no other deeds of adjoining owners. The record indicates that plaintiff has had paper metes and bounds title to the disputed area only since 1959. However, paper title, absent possession is of no avail against another who has both paper title and possession. *Tilghman v. Baird* (1854) 34 Tenn. (2 Sneed) 196; *Hebard v. Scott* (1895) 95 Tenn. 467, 32 S.W. 390.

█ We concur with the Chancellor that the plaintiffs failed to carry the burden of showing perfect title and have failed to prove the elements of adverse possession of the ten acres sought. The remaining Assignments of Error are overruled.

The decree below is affirmed with costs adjudged against appellants and sureties.

Honorable W. E. Quick, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Presiding Judge C. S. Carney.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.

MATHERNE, J., and QUICK, Special Judge, concur.