WALTER LANGLOIS

*v.*

CHARLES R. STEWART.

*Filed at Ottawa June 15, 1895.*

| 156 | 609 |
|---|---|
| 170 | 439 |
| 156 | 609 |
| 85a | 108 |

| 156 | 609 |
|---|---|
| d187 1 | 80 |

1. CLOUD—*upon title to land—who may file bill to remove.* The original owner of land is not divested of his legal title by executing a bond for a deed to a third person, so as to preclude him from maintaining a bill to set aside a tax deed as a cloud upon the title.

2. TAXES—*sale for, void, where advertisement is not made.* Failure to advertise land for sale in a delinquent tax list, as required by statute, makes a sale for taxes void, and is ground for setting aside a tax deed as a cloud on title, where the purchaser is repaid what may be due him for taxes, costs and penalties.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

The bill in this case seeks to set aside, as a cloud upon title, a tax deed upon a certain lot in the city of Streator, issued to appellant on the 8th day of December, 1892. It appears from the record in this case that the lot was sold

**156—39**

on the 18th day of June, 1890, for the taxes of 1889. It further appears that this property was not advertised in the delinquent tax list of the year 1890 for the taxes of 1889. The bill, as originally filed, did not make any tender to appellant of the amount expended by him for the purchase of this lot ·at tax sale, and for other amounts expended by him in connection with the issuing and recording of the deed. An answer was filed, in which the defendant admitted that he purchased the real estate described in the bill in 1890 for the taxes of 1889, and subsequently, within three years thereafter, received a tax deed from the county clerk of LaSalle county, and denied that the complainant was entitled to any relief on his bill. To this answer a general replication was filed. Subsequently an amendment was filed to the bill, in which the complainant tendered to defendant an amount which was alleged in the amendment to be the entire amount paid out by· defendant, with accrued interest thereon. The same answer was re-filed to the amended bill, no denial being made in the answer as to the amount tendered being sufficient, nor does the answer, except in general terms, deny the allegation of the bill that the property was not duly advertised in the delinquent tax list of 1890. A decree was entered by the circuit court, in which the court found that the lot was not advertised for sale for the taxes for which it was sold, and found that complainant had tendered all the money paid by defendant on the purchase of said lot, with interest thereon, and ordered the deed set aside and declared null and void, as a cloud upon complainant's title,—from which decree of the court this appeal was prosecuted.

BREWER & STRAWN, for appellant:

The bill in this case was filed by complainant February 1, 1893,—over two years after he had sold and given possession to William Smith. Only the owner of land

can ask to have a cloud removed from the title thereof. *Gage* v. *Stokes,* 125 Ill. 40; *Smith* v. *Brittenham,* 109 id. 540; *Johnson* v. *McChesney,* 33 Ill. App. 526; *Huntington* v. *Allen,* 44 Miss. 654; *Hutchinson* v. *Howe,* 100 Ill. 11; *Hopkins* v. *Granger,* 52 id. 504; *West* v. *Schnebly,* 54 id. 523; *Emery* v. *Cochran,* 82 id. 65.

Chancery will not intervene to remove a cloud upon the title of a complainant, unless such complainant is in the lawful possession of the land, or where the land in controversy is unoccupied. *Oakley* v. *Hurlbut,* 100 Ill. 204; *Gage* v. *Abbott,* 99 id. 366; *Hardin* v. *Jones,* 86 id. 312; *Johnson* v. *Huling,* 127 id. 14; *Gage* v. *Curtis,* 122 id. 520; *Wetherell* v. *Eberle,* 123 id. 666.

The allegations that complainant, at the time he filed his bill, was the owner, and that he was in possession of the real estate, were material, and as he failed to prove them, but proved they were untrue, the bill should have been dismissed. *Glos* v. *Randolph,* 133 Ill. 197; *Parke* v. *Brown,* 12 Ill. App. 291.

A deed void on its face is not a cloud on title with which a court of equity will interfere. *Fonda* v. *Sage,* 48 N. Y. 173; *Scott* v. *Onderdonk,* 14 id. 9; *Rea* v. *Longstreet,* 54 Ala. 291.

In order to maintain a bill to set aside a deed as a cloud upon title, the bill should state the facts which show its apparent validity, and also the facts which show its invalidity. *Teal* v. *Collins,* 9 Ore. 89; *Wals* v. *Grosvenor,* 31 Wis. 684.

H. N. RYON & SON, for appellee:

There is a constructive possession where there is a paramount title, which, in contemplation of law, carries possession with it. *Morrison* v. *Kelly,* 22 Ill. 610.

There can be no adverse possession, whether actual or constructive, where there has been no definite claim to it. *Lancey* v. *Brock,* 110 Ill. 609.

Mr. Justice Phillips delivered the opinion of the court:

A number of objections are urged by appellant as reasons why the decree of the circuit court should be reversed. It is alleged that appellee did not own the real estate described in the bill at the time he filed his bill of complaint. It is true that one can not maintain a bill to remove a cloud upon title to property of which he is not the owner, but it sufficiently appears in this case that appellee still held the legal title to the property in controversy, although he had executed a bond for deed to another party and that party was in possession under the deed. A bond for deed is only an agreement to make title in the future, and so long as it remains executory the title is vested in the original owner. The fact that appellee had executed a bond for deed to a third party who was in possession, did not prevent him from maintaining his bill to set aside a cloud upon the title to this property, so that he might fulfill the conditions of his bond and make good title to the other party.

It is also alleged that the court below erred in entering a decree canceling the tax deed without ordering that complainant first pay to the defendant the amount paid by him at the tax sale, and for subsequent taxes, and the fees for making and recording the tax deed, with legal interest on all. Section 224, chapter 120, of the Revised Statutes, provides: "That any judgment or decree of court setting aside any tax deed procured under this act shall provide that the claimant shall pay to the party holding such tax deed all taxes and legal costs, together with all penalties, as provided by law, as it shall appear the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed, before such claimant shall have the benefit of such judgment or decree." The amendment filed to the bill alleged that the amount tendered was all the money

which had been paid out by appellant, together with accrued interest. The answer filed by appellant made no denial of this allegation. The facts as to the amounts paid out by appellant were such matters as were within his own knowledge, and not always to be ascertained from the records, and if he was dissatisfied with the amount tendered, it was his duty to have informed the court, by answer or by proof, of the true and correct amount. No proof was offered by defendant below, and the court was authorized to find, under the pleadings, that the amount tendered was in full of the amount due appellant.

It sufficiently appears from the record in this case that the premises on which the tax deed in controversy was issued were not advertised for sale in the delinquent tax list published in the year 1890. Section 180, chapter 120, of Starr & Curtis' Statutes, makes provision for the advertisement, before judgment, of the delinquent tax list in a newspaper published in the county, and such publication is one of the conditions precedent to a valid judgment. There being no advertisement of this property in the delinquent list of 1890 there was no valid judgment, and consequently the sale to appellant of this property for the taxes of the year 1889 was invalid, and the deed executed to him by the county clerk, under his certificate of purchase, was illegal and void, and was properly set aside by the circuit court as a cloud upon appellee's title.

Appellant having had no valid tax deed, and having been repaid the amount of money paid out by him, to which amount he has heretofore raised no question, has suffered no injury.

Perceiving no error in the record or in the decree rendered by the circuit court, the judgment and decree of the circuit court are affirmed.

*Judgment affirmed.*