ARVID B. COEL, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 17, 1907—Rehearing denied Feb. 7, 1908.*

1. CLOUD ON TITLE—*equitable title is sufficient to enable holder to maintain bill to remove cloud.* One who has no title to land cannot maintain a bill to remove a cloud from the title thereto, but one who has the equitable title may maintain such bill even though the legal title stands in another.

2. SAME—*when proposed grantee may maintain bill to remove cloud.* Where one holding the legal title to land as trustee agrees to convey by a deed with covenants against the acts of the grantor, only, the proposed grantee cannot compel such holder of the legal title to file a bill to remove a cloud from the title, but in equity the proposed grantee is regarded as the owner and may maintain the bill himself.

3. MASTERS IN CHANCERY—*a master cannot report conclusions from evidence taken by another.* Where the term of office of a master in chancery expires after he has taken the testimony but before he has reported his conclusions, the court has no power to refer the cause to another master to report his conclusions from reading the testimony already taken, and the parties are entitled to have the master who is to report his conclusions, hear the testimony and observe the witnesses.

4. SAME—*master may certify to testimony after term of office has expired.* The act of a master in chancery in certifying to testimony taken before him is ministerial and may be done after his term of office has expired, by virtue of his office but not as a special commissioner appointed for that purpose; but if he has not reached his conclusions and reported them to the court before his term expires he cannot do so afterwards.

5. SAME—*court may hear case upon evidence taken before master if latter's term expires before report.* Where the term of office of the master in chancery expires after he has heard the testimony in the case but before he has reported his conclusions, the court may, in its discretion, hear the case in open court upon the evidence so taken, without putting the parties to the expense of re-taking testimony before another master.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

WALTER S. HOLDEN, and G. FRED RUSH, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 20, 1905, H. H. Gage and appellee, Arvid B. Coel, filed their bill in this case in the circuit court of Cook county against the appellants, Jacob Glos and August A. Timke, trustee, and others as to whom the bill was afterwards dismissed, for the purpose of setting aside a tax deed to said Jacob Glos as a cloud on the title to lot 11, block 8, in North Evanston, the legal title to which was alleged to be in said H. H. Gage. The defendants each filed a plea setting up the proceedings to enjoin the execution of said tax deed, in which the decree was reversed by this court and the bill was ordered dismissed for want of equity. (*Glos v. Evanston Building and Loan Ass.* 186 Ill. 586.) The pleas were overruled and the answers filed denied, generally, the allegations of the bill. The cause was referred to Edward A. Dicker, master in chancery, with directions to take the evidence and report the same with his conclusions of fact and law. Said master took the evidence, after which the appellee, by leave of court, filed an amended bill, in which he was the sole complainant, setting up substantially the same facts as in the original bill and asking for the same relief, and the other complainant, H. H. Gage, was dropped from the suit. The same pleas and answers were filed to the amended bill, and the pleas being overruled, the defendant Glos withdrew his answer, except such parts thereof as were in support of his plea. He was ruled to plead, answer or demur to the amended bill instanter, which he declined to do and the amended bill was taken as confessed as to him. The term of office of Dicker, as master in chancery, expired after the taking of the testimony was completed and before he made his report, and on motion of the complainant the cause was then referred to Edward B. Esher, a master in

chancery, with directions to report his conclusions of fact and law. An order was entered directing Dicker to certify to the evidence taken before him, together with the exhibits, and authorizing and directing Esher to consider the same in making up his report as to the facts and law. Dicker certified to the testimony as a former master in chancery, and he was then examined in open court as to the taking of the testimony and the proceedings before him. After hearing his testimony the court appointed him a special commissioner for the sole purpose of certifying to the transcript of the testimony taken before him, and he certified to the same as such special commissioner. Esher then examined and considered the evidence, although none of it was taken before him, and from such consideration he made a report of his conclusions as to the facts and law, both favorable to the complainant. The court heard the case on exceptions to the report, and the defendants, by objections taken before the master, which stood as exceptions before the court, questioned the order directing Esher to consider the case on the evidence not taken before him. There were exceptions on the ground that the order was contrary to law, that the report was not based on legal and competent evidence, and that Esher did not hear the evidence on which he based his conclusions. The exceptions were overruled and a decree was entered finding the amount due the defendant Glos and that the same had been deposited with the clerk of the court for his use, and setting aside the tax deed and the trust deed to the defendant Timke as clouds on the title of complainant.

It is first contended that the complainant did not show such title in himself as to enable him to maintain the bill. A person having no title to land cannot call upon the court to remove a cloud from the title to the same. If a complainant has no title himself it is not for him to complain that there is a cloud upon the title, and it is no concern of his whether there is a cloud upon it or not. *Wing* v. *Sherer,*

77 Ill. 200; *Hopkins* v. *Granger,* 52 id. 504; *Hutchinson* v. *Howe,* 100 id. 11; *Ritchie* v. *Pease,* 114 id. 353; *Whipple* v. *Gibson,* 158 id. 339.

The facts concerning the title in this case are as follows: Emil Coel, father of complainant, was in possession of the lot under a conveyance made by Edward Schaub in 1884. On March 26, 1889, Emil Coel borrowed $1000 from the Evanston and North Cook County Building and Loan Association and gave a mortgage to secure the same, in which his wife joined. On June 20, 1891, he borrowed a further sum of $500 from the association, and he and his wife gave a second mortgage to secure that loan. On August 2, 1897, he was in arrears upon his mortgage indebtedness and gave a quit-claim deed, executed by himself and wife, to H. H. Gage, the president of the association. At the same time Gage gave back a contract whereby he undertook to convey the premises by special warranty deed to Coel in consideration of certain payments, being the balance due the association on the two mortgages. On August 9, 1897, Gage executed a declaration of trust declaring that he held the title as trustee for the association of which he was president. Between August 2, 1897, and January 1, 1901, Emil Coel made payments from time to time, which were credited to him by the association on an account entitled "Real estate sold," kept by it. On January 1, 1901, Emil Coel requested Gage to cancel the agreement with him and substitute for it a like agreement to convey the premises to Arvid B. Coel, the complainant, which was done, and the amount mentioned in the agreement was the balance due the association. After the agreement with complainant he made payments from time to time, which were credited to him on the books of the association, and he took and holds possession of the lot.

The transaction between Emil Coel and the loan association, acting by Gage as its president, was either a mortgage or a contract of sale, and it is now immaterial which.

232—10

It was afterward abrogated by mutual consent and the contract with the complainant was substituted. Gage, holding the legal title as trustee for the association, became the vendor and complainant the purchaser, and the question is whether a purchaser, situated as he was, could maintain the bill. While it is essential that a complainant shall have title to the land, a suit to remove a cloud is an equitable proceeding and an equitable title is all that is required. (*Hemstreet v. Burdick,* 90 Ill. 444; *Glos v. Goodrich,* 175 id. 20.) The holder of a legal title who has an interest to be protected may file the bill, and a vendor who has given a bond for a deed to another party, but who is still possessed of the legal title, may maintain a bill to set aside a cloud in order that he may fulfill the conditions of his bond and make a good title to the other party. (*Langlois v. Stewart,* 156 Ill. 609.) In this case Gage only agreed to give a deed with covenants against acts of the grantor, and it was not necessary that he should have the cloud removed. The complainant, as purchaser, could not insist upon having it removed by Gage, but had a direct interest in having the tax deed set aside. In equity the vendee, under a contract for a deed, is considered as the owner and as having the entire equitable estate, while the vendor has merely an encumbrance upon the land to secure payment of the purchase money. In a court of equity the complainant was to be regarded as the equitable owner of the lot, and he was therefore entitled to maintain the bill.

The court, however, erred in referring the case to Edward B. Esher, the second master in chancery, for the purpose of having him report his conclusions of fact and law upon the evidence which was not taken before him, and erred in overruling exceptions of the defendants to such order of reference and the report under it. While a master in chancery before whom a cause is heard may consider depositions taken by virtue of a *dedimus potestatem* in connection with the evidence produced before him, it is not the

function of a master, as a ministerial officer, to hear cases and decide issues upon evidence taken before another master. The parties are entitled to have the master, who is to form his conclusions as to the facts, hear the testimony of witnesses. When the term of office of Edward A. Dicker as master in chancery expired all proceedings before him as such master came to an end, and the court was without authority to again refer the case to another master in chancery to report his conclusions as to the issues by reading the testimony taken before Dicker. A master in chancery is a purely ministerial officer, and as the act of certifying to the testimony is ministerial, we see no reason why it cannot be performed after the expiration of his term, but if he has not reached his conclusions and reported the same to the court he cannot do so afterward. We are of the opinion that Edward A. Dicker, master in chancery, could certify to the evidence taken before him, as he did, by virtue of his office, and that he was not authorized to do so as a special commissioner. The court might, in its discretion, have heard the case in open court upon the evidence so taken, and have permitted the parties to use such evidence without putting them to the unnecessary expense of re-examining the witnesses or having the case again referred to some other master, before whom the testimony would have to be taken again. As was said in the case of *Fitchburg Steam Engine Co.* v. *Potter,* 211 Ill. 138, a second master, in order to correctly determine the questions of fact, ought to have the aid derived from seeing the witnesses and hearing them testify. If this case should be again referred it would be necessary to re-take the testimony, but we do not regard that as essential, and the court may hear the case upon the evidence already taken.

Objection is made to the taking of Edward A. Dicker's testimony in open court after the case had been referred. But that testimony did not relate to any issue in the case. It was only an investigation as to what took place before

him as master in chancery, and the rule against taking oral testimony in court was not violated. *Bolter* v. *Kozlowski*, 211 Ill. 79.

For the errors pointed out the decree is reversed and the cause remanded.        *Reversed and remanded.*