(No. 10250.—Reversed and remanded.)
WILLIAM R. WARD *et al.* Defendants in Error, *vs.* GUY
WILLIAMS *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*

1. PARTITION—*all parties to chancery suit need not be named in summons.* While it would be the better practice to name in a summons in a partition suit all the parties to the suit, both complainants and defendants, there is no specific requirement of the statute that this shall be done, and it is only essential that summons in chancery shall be sufficient to apprise a defendant that he has been sued by someone and of the character of the suit.

2. SAME—*land held under bond for deed does not descend to the heirs of obligor and is not subject to partition.* The equitable title to tracts of land held under bonds for deeds is in the obligees, and the land does not descend to the heirs of the obligor and is not subject to partition among his heirs, although the obligees are made parties to the bill.

3. SAME—*what lands are subject to partition.* To be subject to partition lands must be held jointly, in common or coparcenary, and it is error to include with such lands tracts held by third parties under bonds for deeds.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. P. A. PEARCE, Judge, presiding.

W. P. SEEBER, and D. G. THOMPSON, for plaintiffs in error.

GILLESPIE & FITZGERALD, (W. H. HART, ROYAL B. CUSHING, and KNAPP & CAMPBELL, of counsel,) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Jesse T. Baxter, Sr., died intestate in Franklin county, Illinois, on December 16, 1903, holding the legal title to 933 acres of land, all of which was in Franklin county except one 40-acre tract, which was located just across the line of Franklin county, in Jefferson county. He left sur-

viving him a widow, Parlee Baxter, two sons, Luke Baxter and Jesse T. Baxter, Jr., and three grandchildren, Guy Williams, Pearl Williams and Harry Williams, his only heirs-at-law. A bill was filed to the May, 1904, term of the Franklin county circuit court, in which William R. Ward, Robert R. Ward, Parlee Baxter, Luke Baxter and Jesse T. Baxter, Jr., are named as complainants, and Guy Williams, Pearl Williams, Harry Williams, W. E. Mabry, J. M. Strain and Jane Cypher are named defendants, praying the partition of said lands (describing them) and the assignment of homestead and dower therein. The bill alleged that Jesse T. Baxter, Jr., and Luke Baxter were sons of Jesse T. Baxter, Sr., and the three Williams boys his grandchildren, and that said named parties were the only descendants and heirs-at-law surviving Jesse T. Baxter, Sr. The bill described the 933 acres of land for which partition was asked, and alleged that W. E. Mabry held a bond for a deed given him by deceased in September, 1901, to the west 50 acres of a 100-acre tract described; that the consideration in the bond was $500, due seven years after date, "the further conditions of which bond are to your orators unknown, the bond not being of record and being in the hands of the holder, W. E. Mabry, who is now in the possession of said 50 acres." The bill also alleged that J. M. Strain held a bond for deed given him by deceased in March, 1903, on an 18-acre tract described in the bill, the consideration for the bond being $586, due ten years after date, "the further conditions of which bond are to your orators unknown, said bond being in the possession of said J. M. Strain and not being of record." Both of the tracts for which bonds for deeds had been given were alleged to be in a state of cultivation, with cheap houses and other buildings thereon. Another 40-acre tract was alleged to be in cultivation with improvements on it, and the remainder of the lands were alleged to be unimproved. The bill alleged that at the time of the death of Jesse T. Bax-

ter, Sr., "his widow, Parlee, was living on the northwest fourth of the southwest quarter, section 13, township 5, south, range 2, east of the third principal meridian, as her homestead, and that she is entitled to a homestead of the value of one thousand dollars ($1000), and that she is entitled to dower in the remainder of said lands after the assignment of her said homestead, except the 64 acres heretofore described, in which Jane Cypher has dower interest therein," and that homestead and dower had never been set off or assigned "to the respective parties entitled thereto." We do not find any allegation in the bill that Jane Cypher was entitled to dower in the 64 acres or any other tract described, nor any reference to or allegation of any interest in any of the lands in Jane Cypher except the reference above quoted. The bill alleged complainants W. R. Ward and Robert R. Ward bought the undivided interest in the lands belonging to Luke Baxter January 9, 1904, and of Jesse T. Baxter, Jr., March 21, 1904, and received warranty deeds therefor from the Baxters. Copies of the deeds were made exhibits to the bill. The bill alleged that no other persons than the complainants, the three Williams children, alleged to be minors, W. E. Mabry, J. M. Strain and Jane Cypher, who were all made defendants to the bill, had any interest in or title to the premises. The bill prayed that homestead and dower be assigned and set off to the widow, Parlee Baxter, and "the dower, if any, of Jane Cypher in said 64 acres in which she is interested be assigned to her," and that a division and partition of all the lands be made, subject to said homestead and dower interests, among William R. Ward, Robert R. Ward and the three Williams children, an undivided two-thirds interest to the Wards and an undivided one-ninth interest to each of the Williams children, and if partition could not be made without manifest prejudice to the parties in interest, that the premises be sold and the proceeds distributed among the parties according to their respective interests. The bill was

sworn to by Robert R. Ward. A guardian *ad litem* was appointed for the minor defendants, the three Williams children, who filed a formal answer, asking that strict proof be required and the interests of the minors fully protected. The other parties defendant were defaulted.

The cause was not referred to a master but was heard in open court by the chancellor, and a decree for partition was entered May 24, 1904. The decree recites the court heard oral testimony that deceased left surviving him his widow, Parlee Baxter, "and Jesse T. Baxter, Jr., and Luke Baxter, his sons, and Guy Williams, Pearl Williams and Harry Williams, his grandchildren, his only descendants and only heirs-at-law him surviving," and that at the time of his death Jesse T. Baxter, Sr., was seized in fee simple of the lands described in the bill, "subject to the two bonds for deeds to W. E. Mabry and J. M. Strain, respectively, as described in said bill, and the right of homestead and dower to his said widow, Parlee Baxter, and the dower of Jane Cypher in a portion of said premises, as stated in said bill." The decree finds that at the time of Baxter's death his widow was living upon said premises as her homestead, but does not describe the premises; that homestead and dower had never been assigned to her and that dower had never been assigned to Jane Cypher; that the Wards were the owners of the interests of the two Baxter sons. The decree orders that Parlee Baxter have homestead of the value of $1000 assigned her and dower in the remainder of the premises; that Jane Cypher "be endowed of the one full equal third part of the southwest fourth of the northwest quarter of section 30, township 5, south, range 3, east of the third principal meridian, in Franklin county, Illinois;" that the Wards are entitled to an undivided two-thirds interest in said premises in fee simple, "subject to the said bond for deeds to W. E. Mabry and J. M. Strain and the homestead and dower of said Parlee Baxter and the dower of the said Jane Cypher, and that Guy Williams,

Pearl Williams and Harry Williams are each entitled to an undivided one-ninth of said premises in fee simple, subject to said bonds for deeds and the said dower of said Parlee Baxter and Jane Cypher." The decree orders that Parlee Baxter recover her homestead and dower in said premises, "and that said Jane Cypher recover her dower in the said 40 acres in which she is entitled to dower, as aforesaid;" that said premises be partitioned subject to said dower and homestead rights of Parlee Baxter and Jane Cypher, "and the said bonds for deeds to said W. E. Mabry and J. M. Strain, in accordance with their respective interests therein."

Commissioners were appointed and directed to assign homestead and dower to the widow, "and the dower of Jane Cypher out of the 40 acres heretofore described out of which she is entitled to a dower," and make partition of the whole of said premises subject to such homestead and dower rights, assigning to each of the Wards and the three Williams children their respective interests as found in the decree. The commissioners reported they had assigned the widow as her homestead the northeast quarter of the southwest quarter and the north half of the northwest quarter of the southeast quarter of section 13, township 5, south, range 2, east of the third principal meridian, in Franklin county; that they had assigned the said widow as dower certain lands described; that they had assigned to Jane Cypher as and for her dower the south 14 acres of the southwest quarter of the northwest quarter of section 30, township 5, south, range 3, east of the third principal meridian, in Franklin county. The commissioners reported the lands were not susceptible of division and partition without manifest prejudice to the parties in interest and that they had fairly and impartially appraised the value of each piece, tract and parcel, and reported their appraisement of each of said tracts, amounting in the aggregate to $8436.

No objections were filed to the report of the commissioners. It was approved and confirmed by the court and a decree for sale entered. The decree describes the 933 acres and directs that the lands be sold. One tract is described by metes and bounds as 100 acres, "W. E. Mabry holding bond for deed for west 50 acres of above 100 acres." After describing the north 18 acres of a 40-acre tract the decree reads, "J. M. Strain holding bond for deed for above 18 acres," and following the description, the southwest quarter of the northwest quarter of section 30; township 5, south, range 3, east of the third principal meridian, the decree reads: "Except 5.7/10 acres off the north side of said last described tract, Jane Cypher having dower right in the last 40 acres." The decree directed that the sale be advertised four successive weeks in a weekly newspaper published in Franklin county and that six printed notices be posted in public places in said county. The terms of sale were cash in hand. The master reported that he sold the land June 25, 1904, at public sale; that he first offered the land in separate tracts, and there being no bidders therefor he then offered it all together in one body, and William R. Ward and Robert R. Ward having bid the sum of $5627, being more than two-thirds of the appraised value, and they being the highest and best bidders, the premises were sold to them for cash in hand.

This writ of error was sued out of this court to the October term, 1915, by Guy Williams, Pearl Williams and Harry Williams. At that time Guy Williams was the only one of the three minor defendants to the bill who had become of age, and he was granted leave to prosecute the writ on behalf of himself and as next friend of his brothers, Pearl and Harry. Since suing out the writ of error some of the original defendants in error have died, and some, at least, of the lands in controversy have been sold to other parties, and the heirs of the deceased parties, subsequent purchasers and *terre* tenants were made parties and served

by *scire facias.* At the October, 1915, term a motion was made on behalf of the original complainants in the bill (defendants in error here) to dismiss the writ of error and strike from the files the briefs, abstract and transcript of record. This motion was denied and the cause continued. (*Ward* v. *Williams*, 270 Ill. 547.) Subsequently defendants in error filed pleas of release of errors. These pleas were held bad in *Ward* v. *Williams*, 278 Ill. 227, and the case is now submitted on the merits.

There is no certificate of evidence and the case is submitted upon alleged errors appearing upon the face of the record. Forty-two errors are·assigned. Since this suit has been pending Pearl Williams, one of plaintiffs in error, has become of age and dismissed the writ as to him, leaving Guy Williams and Harry Williams plaintiffs in error.

This record and the assignment of errors present more irregularities than are usually found in a proceeding of this character. Many of them, however, are not of a character resulting in prejudice to the rights of plaintiffs in error which would justify a reversal of the decree, and in the view we take of the case it will be unnecessary to refer to or discuss more than two of the questions raised.

William R. and Robert R. Ward, Parlee Baxter, Jesse T. Baxter, Jr., and Luke Baxter were the complainants in the bill for partition. Guy Williams, Pearl Williams, Harry Williams, W. E. Mabry, J. M. Strain and Jane Cypher were made defendants to the bill. Summons was issued April 13, 1904, to the sheriff of Franklin county, commanding him to summons all the defendants (naming them) to appear before the circuit court of Franklin county on the first day of the next term, May 23, 1904, to answer unto William R. Ward and Robert R. Ward in their certain bill of complaint for the partition and assignment of homestead and dower, filed in said court. The summons did not mention the three Baxters, who were also complainants in said bill. All of defendants were served with summons May 3, 1904,

except Harry Williams, and on May 12, 1904, a summons was issued to the sheriff of Perry county commanding him to summons Guy Williams, Pearl Williams and Harry Williams to appear at the first day of the next term of the Franklin county circuit court, May 23, 1904, to answer unto William R. Ward and Robert R. Ward in their certain bill of complaint for partition filed in said court. That summons omitted the names of three of the defendants to the bill and also omitted the names of three of the complainants. It is contended that because of the omission of the names of some of the parties to the suit in the summons the court never acquired jurisdiction of the parties.

Section 8 of the Chancery act provides that, upon the filing of the bill the clerk shall issue a summons, "tested, dated and sealed as a summons in common law suits," directed to the sheriff of the county in which the defendant resides, if he is a resident of this State, and where there are several defendants residing in different counties, separate summons shall issue to each county, "including all the defendants residing therein." Section 1 of the Practice act provides that summons shall be issued under the seal of the court, tested in the name of the clerk, dated on the day of its issue, signed with the name of the clerk, directed to the sheriff, and shall be made returnable on the first day of the next term if ten days intervene between the suing out of the summons and the next term of court.

While it would be the better practice to name in a summons all the parties to the suit, both complainants and defendants, there is no specific requirement of the statute that this shall be done. It is essential that summons in chancery shall be sufficient to apprise a defendant that he has been sued by someone and of the character of the suit. We think it cannot be said this was not done by the summonses issued in this case. The summons informed the defendants in Franklin county that the Wards had brought a partition suit against them and that they were called upon to answer

at the first day of the next term of court. Any further information they could get from an examination of the bill, which would have been required if all the parties to the suit had been named in the summons. There was only one of the defendants resident in Perry county although the summons commanded the sheriff to serve three defendants in that county. The one defendant in that county was served with summons, and what we have said as to the summons to the sheriff of Franklin county is equally applicable with reference to the summons to the sheriff of Perry county. Plaintiffs in error were represented at the hearing by guardian *ad litem,* who filed a formal answer on their behalf. They suffered no prejudice because of the form of the summonses. We think this conclusion sustained in *Reed* v. *Boyd,* 84 Ill. 66, where *Richardson* v. *Thompson,* 41 id. 202, relied on by plaintiffs in error, is distinguished.

The bill alleges W. E. Mabry had a bond for deed to the west 50 acres of a 100-acre tract, described by metes and bounds, given by Jesse T. Baxter, Sr., September 23, 1901, for a consideration of $500, due seven years after date; that J. M. Strain held a bond for deed to an 18-acre tract described, given by Jesse T. Baxter, Sr., March 14, 1903, for a consideration of $586, payable ten years after date; that the further conditions of said bonds were unknown to complainants, the bonds being in the possession of the vendees and not recorded. Mabry was alleged to be in possession of the tract for which he held a bond for deed. The decree for partition followed the allegations of the bill in almost identical language. It ordered partition of the 50 acres and the 18 acres, together with other lands. The commissioners appointed to make partition reported they could not partition the lands without prejudice to the parties in interest, and appraised all the lands the decree found Jesse T. Baxter died seized of, including the 50 acres appraised at $850 and the 18 acres at $450. The decree for

sale orders the sale of all the lands, subject to the homestead and dower interests of the widow and the dower of Jane Cypher in one tract described. The master reported he sold all of said lands, including the 50 and 18-acre tracts; that at the sale he offered the lands in separate tracts, but receiving no bid for any of them separately he sold all the lands in one body for $5627. The master also reported to the court that he had executed deeds for the lands, including the 50 and 18-acre tracts, to the purchasers. The master's reports were approved and confirmed by the court.

We think it apparent from the record that the court erred in determining the title to the 50 and 18-acre tracts was in Jesse T. Baxter, Sr., at the time of his death; that the land descended to his heirs and therefore was subject to partition among the heirs and their grantees. The equitable title to those two tracts of land was not in Jesse T. Baxter, Sr., at the time of his death, but was in the vendees, Mabry and Strain. Baxter had a lien in the nature of a mortgage to secure the payment of the purchase money. He held the naked legal title in trust for the benefit of the vendees. (*Lewis* v. *Shearer,* 189 Ill. 184.) "Where the owner of real estate thus enters into a valid contract for its sale, the nature of his estate, under the doctrine of equitable conversion, is changed and the real estate will be regarded as converted into personal property, and, in case of the death of the vendor before the contract is performed, it will be treated as assets in the hands of his personal representatives." (*Rhodes* v. *Meredith,* 260 Ill. 138.) The heirs and grantees of the heirs of Jesse T. Baxter, Sr., and Mabry and Strain, had no unity of interest or title in said 50 and 18-acre tracts. Lands to be subject to partition must be held jointly, in common or coparcenary. (Hurd's Stat. 1916, chap. 106, sec. 1; *McConnel* v. *Kibbe,* 43 Ill. 12; *Stevenson* v. *Bachrach,* 170 id. 253; *Middlecoff* v. *Cronise,* (Cal.) 17 Ann. Cas. 1159; *Brownell* v. *Bradley,* (Vt.) 42 Am. Dec. 498; *In the Matter of Prentiss,*

282 – 41

(Ohio) 30 Am. Dec. 203; *Harman* v. *Kelley,* (Ohio) 45 Am. Dec. 552.) The error cannot be said to be one which could not prejudice plaintiffs in error. That depended upon whether or not the lands are paid for by the vendees. In our opinion that error requires a reversal of the decree.

*Reversed and remanded.*