## In re Estate of Frank M. Jogminas, Deceased.
## Frank H. Novak, Administrator, Appellant, v. Amelia Jogminas, Appellee.

### Gen. No. 31,895.

1. 'EQUITY—*when theory of equitable conversion not applied on sale of land by joint tenants under contract to deliver deed.* Upon the death of a husband, who held title to land with his wife as joint tenants and not as tenants by entirety, and which persons had sold the land under their joint contract to deliver deeds when the consideration is paid, a probate court, which is a court of law and not a court of equity, will not require that one-half of the unpaid consideration shall be paid to the administrator of the husband's estate upon the theory of equitable conversion, and therefore the widow, taking legal title to the contracts and land, is entitled to receive the unpaid consideration.

2. PROBATE COURTS—*application of legal rules as a court of law.* The probate court of Cook county is not a court of equity but is a court of law and will, therefore, apply legal rather than equitable rules.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed December 12, 1927. Rehearing denied December 27, 1927.

NOVAK & NOVAK, for appellant.

E. MARSHALL AMBERG and CHARLES V. CHESNUL, for appellee; BALYS F. MASTAUSKAS, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This controversy is between Frank H. Novak, appointed administrator upon the petition of creditors of the deceased, and Amelia Jogminas, the widow. There is no controversy as to the facts, which are stipulated.

The administrator filed his petition in the probate court setting up that the deceased in his lifetime purchased several tracts of real estate, taking the title

to the same in the name of himself and his wife
Amelia as joint tenants and not as tenants in common,
and that at the time of his decease, September 18, 1924,
deceased and his wife owned these several pieces of
real estate as joint tenants; that the money used for
the purchase of this real estate belonged to the de-
ceased, but that these several tracts were sold by
deceased and his wife under contracts for deeds. The
several tracts of land and the joint agreement of the
deceased and his wife to convey the same were sever-
ally set up, as well as facts tending to show that as to
all these tracts the purchase price was paid only in
part, the agreements providing that other payments
should be made monthly; that these contracts were in
the possession of the widow Amelia Jogminas at the
time of her husband's death, and that she has refused
to turn the same over to the administrator or to account
for collections made thereon, claiming that all the
moneys due belong to her and that the estate has no
interest therein. The petition averred that one-half
of the moneys due or to become due was the property
of the estate of the deceased and the petition prayed
an order might be entered so finding.

The widow answered, admitting that she acquired
the several pieces of real estate jointly, denying that
the purchase price was supplied solely by her deceased
husband, and averring that after his death the real
estate became her sole property and that the adminis-
trator had no interest either in the real estate or in the
money due under the contracts.

The probate court found and entered an order as
the petition prayed and respondent appealed to the
circuit court where, by agreement of the parties, a
jury was waived and the cause submitted to the court
upon a stipulation of facts, from which it appears
that these real estate contracts were executed and deliv-
ered by the deceased and his wife before the death
of the husband; that the purchasers of the several

pieces of real estate, upon execution of the contract, went into possession of the same and made all the payments provided for in the contract to the deceased up to the time of his demise and thereafter to Warren W. Smith, a real estate agent acting for the widow Amelia Jogminas; further that "prior to the date of the execution of said real estate contract, the title to said real estate was held by Frank M. Jogminas and Amelia Jogminas, his wife, as joint tenants and not as tenants in common."

The court found that the purchase money evidenced by said real estate contracts due and payable after the death of said Frank M. Jogminas passed to and belong to said Amelia Jogminas, and decreed that Smith, who had been made a party defendant, should pay to the widow the money collected by him on account of said contracts of purchase since the death of Frank M. Jogminas. This appeal followed.

The administrator contends that under the undisputed facts he is entitled to one-half of the unpaid purchase price of these lands upon the theory of equitable conversion, that is, equity will regard as done that which should be done, and applying that fiction convert the real estate into personalty free from the incident of survivorship. A number of cases stating that unquestioned equitable doctrine are cited in the briefs: *Rhodes v. Meredith*, 260 Ill. 138; *Ward v. Williams*, 282 Ill. 632, and other cases. The theory is untenable. The doctrine of equitable conversion does not apply to joint tenancies. At any rate the probate court of Cook county is not a court of equity but a court of law and therefore legal rather than equitable rules must be applied. The court of law disregards the fiction which the court of equity applies and, in conformity with legal rules, holds that the contract to convey has no effect on the estate or the title. It follows that as the surviving tenant, the widow, took the legal title to the contracts and land in question,

she is entitled to receive the unpaid consideration. *Covey v. Dinsmoor*, 226 Ill. 438; *Chappell v. McKnight*, 108 Ill. 570; *Gall v. Stoll*, 259 Ill. 174; *Budelman v. American Ins. Co.*, 297 Ill. 222.

For the reasons indicated the judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.