12657

PINSON *ET AL.*, v. PINSON *ET AL.*

(148 S. E., 211)

372

*Mr. J. M. Nickles,* for appellants,

*Messrs. T. B. Greneker,* and *J. Wm. Thurmond,* or respondents,

May 9, 1929.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is a controversy between the plaintiffs, executors of the will of L. M. Pinson, deceased, and the devisees and legatees under the will, involving the question whether the proceeds of the sale of certain timber should pass to the devisee of the tract from which it was cut, or to the executors, as personal property, to be distributed under the residuary clause of the will.

The facts are these:

On August 7, 1925, L. M. Pinson entered into a written agreement with one E. M. Stover to lease to him for a period of four years a certain tract of land in Edgefield County, containing 65 acres, with an option to purchase it, but expressly reserving all timber suitable or ripe for milling purposes. (This lease does not concern the immediate controversy between the parties except as indicating the reservation by Pinson of the timber rights.)

On June 10, 1926, Pinson executed his will, in which he devised the 65-acre tract to his son, Clifford Pinson, Sr. On October 20, 1926, Pinson entered into a written contract with one T. W. Quarles for the sale of the timber upon said tract for $4 per M. feet, $50 of which he received in cash at the time.

Pinson died March 14, 1927, and after his death Quarles entered upon the tract and cut timber amounting, under his contract with Pinson, to $974.18. By agreement this money has been deposited with the Clerk of Court, to abide the determination of the issue whether it should be paid to Clifford Pinson, Sr., the devisee of the tract of land, or, as personal property of the estate, to the executors to be distributed under the residuary clause of the will, item 12, which is:

"It is my will that any other property that I may have at my death shall be equally divided among my children and my widow, share and share alike, and if any of said property

is farm produce, farm implements, or live stock, it may. be sold publicly or privately without order of Court."

The matter was heard by his Honor, Judge Featherstone, upon the pleadings and testimony taken by agreement, as to which there does not appear to be any controversy. His Honor filed a decree, dated December 22, 1927, holding that the proceeds of the sale of the timber passed to the executors, and not to Clifford Pinson, Sr., the devisee. From that decree the devisee has appealed.

The sole question in the appeal is whether the executory contract for the sale of the timber upon the 65-acre tract to Quarles revoked the devise of that tract to Clifford Pinson, Sr., so far as the timber thereon is concerned. There seems to be no doubt as to the proposition that a contract for the sale of timber upon a tract of land is a contract for the sale of an interest in real property. *Lumber Co. v. D. W. Alderman & Sons Co.*, 80 S. C., 106, 61 S. E., 217, 128 Am. St. Rep., 865. We think that the authorities cited and quoted from in the circuit decree are conclusive upon the proposition that the proceeds of the sale of the timber passed to the executors as personal property.

For the reasons stated by his Honor, the decree is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.