SAMUEL D. WYMAN, Assignee in Insolvency,

*vs.*

GILBERT E. GAY.

Lincoln.   Opinion February 25, 1897.

*Insolvency. Preference. Exempted Property. Waiver. Life Insurance. R. S., c. 49, § 94; c. 70.*

Exempted property is a personal privilege of the debtor. He may waive it and does waive it when he conveys the property to another, and if the conveyance works a fraudulent preference under the insolvent law the assignee may recover the property or its value.

This doctrine applies to policies of life insurance where the annual premium on each is less than $150

ON REPORT.

This was an action of trover for the conversion of certain personal assets, viz: a horse, calf, sleigh, robe, blanket, cow, harness, pung, etc., sold by Alfred W. Huston, an insolvent debtor, to Gilbert E. Gay, on January 26, 1894, in fraud of the provisions of the insolvency law.

It was admitted that the articles enumerated in the writ, excepting the sleigh, were sold by the insolvent to the defendant; and that the policies of life insurance described in the writ were assigned by the debtor to the defendant on the day alleged. The following question was submitted to the jury and by them answered as a special verdict:—

Did the defendant have reasonable cause to believe that Alfred W. Huston was insolvent when he took the bill of sale and the

assignments from him in partial payment of preceding debts on the 26th of January, 1894?

Answer. Yes.

A question arose at the trial whether such articles in the sale and assignments, as are exempt from attachment or seizure on execution, could be the subjects of fraudulent preference under the insolvency law, it being admitted that the insolvent did not have at the time of the transfer duplicates of any such articles of property.

It was admitted that said Huston went into voluntary insolvency on the 24th of March, 1894, and that the proceedings are still pending.

One of the policies, dated January 1st, 1894, was a paid up policy at the time of the assignment. The value of the different policies is $153.06 on paid up policy, and the other $192.46, making $345.52, the total value.

The annual premium on each of said policies was $100.36.

The case was reported to the full court upon the finding and admissions to say whether the plaintiff can recover, and if so for how much.

*W. H. Hilton,* for plaintiff.

If a third party may invoke the law of exemption, then a dishonest debtor, possessing two thousand dollars in cash, may, in contemplation of insolvency, purchase five hundred dollars worth of property of the exempted class and make it over to some favored creditor, or perhaps a member of his own family, and then out of the remaining fifteen hundred dollars make another purchase of like amount and kind and make it over to a second favored creditor, and so continue to purchase and make over until his $2000 have been expended and he finds himself penniless, and thereupon file his petition in insolvency, and when other creditors seek redress for the fraudulent acts of the insolvent and the wrongs done them, the favored creditors may offer as a defense that the property so made over to them was at the time of transfer wholly exempted by statute.

A debtor may waive this privilege of exemption and consent that exempted property may be attached or applied to the payment of his debts. This waiver may be evidenced by acts or neglect to act. *Smith* v. *Chadwick*, 51 Maine, 515.

*T. P. Pierce*, for defendant.

There is no provision by which creditors can deprive the assured of the benefit of such insurance as had been paid for up to a date two years previous to the filing of his petition; and, in addition to that, so much insurance as $150 per annum would pay for after that date and up to the time of filing his petition. Plaintiff seeks to recover the value of these policies, or a certain part of their value, in trover, and to have his money now. This cannot be done, while our statute provision relating to life insurance remains what it now is. It provides for only the usual action in rem.

The only suit which can be maintained is a lien suit, and the only judgment that can be recovered is one in rem; and that conditioned to the provisions of the policies, as to date and manner of payment.

SITTING: WALTON, FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

HASKELL, J. Trover, by the assignee of an insolvent debtor, against a creditor to recover the value of chattels conveyed to him by the debtor in fraud of the insolvent law.

The case found the conveyance to have been fraudulent, but the defendant claims that the chattels, when conveyed to him, were exempt from attachment and therefore do not belong to the assignee. This defense is groundless. Exempted property is a personal privilege of the debtor. He may waive it, and certainly does waive it when he conveys it to another. His interest in the property is then gone. He cannot reclaim it or recover it. If it serves a fraud, his assignee may do so and thereby prevent an unequal distribution of his assets among his creditors. *Nason* v. *Hobbs*, 75 Maine, 396, is directly in point. There, the assignee sued to recover the value of a yoke of oxen, sold by the debtor

before his insolvency in fraud of creditors.    Exemption of the oxen from attachment was set up as a defense.    The court says, at the date of the insolvent proceedings the debtor "did not then own the oxen, for he had sold them the day before to the defendant, and he could not legally claim sold oxen as exempt."    The jury found the value of the chattels on the day of their conveyance to the defendant to have been $147.35, which sum the plaintiff may recover with interest from the date of conversion.

The plaintiff also sues to recover $345.52, the agreed value of two policies of insurance on the insolvent's life, conveyed by him to the defendant in fraud of the insolvent law, and thereby converted to his own use.    The same defense as to the chattels is interposed. Revised Statutes, c. 49, § 94, is invoked.    That section exempts all such policies where the annual premium is less than $150, meaning on each one, from "attachment and from all claims of creditors, during the life of the assured."    This statute means to allow the assured such property, while he holds it, free from the claims of creditors, but when he sells it for cash, he will have received its equivalent, and the purchaser will hold an investment, a security that is just as much a part of his estate as a bond or promissory note would be.

So when the insured assigns his policy in payment of a debt, the policy becomes assets in the hands of a creditor, and he should not thereby be permitted to gain a fraudulent preference in his own favor over other creditors of the same debtor.    When the assured parts with his policy, he places it without the protection of the statute.    It then becomes the same as any chattel, and the title goes to the assignee in insolvency, rather than to work a fraud.    Any other doctrine might be made to thwart the equality of creditors and make it possible for a dishonest debtor to give his property to a single creditor.    He might take his entire assets and procure numerous policies of insurance, with annual premiums of not over $150 on each as in this case, and appropriate the whole of them to a favored creditor.

We think the defense of exemption does not apply to the policies any more than to the chattels, and that the plaintiff may

recover for their conversion the agreed value of $345.52; but as the case does not show when that value attached, it must be presumed as of the date of the verdict, from which time interest should be added. ·

*Judgment for plaintiff.*