TETRAULT, Respondent, v. INGRAHAM et al., Appellants.

(No. 3,899.)

(Submitted March 9, 1918. Decided March 30, 1918.)

[171 Pac. 1148.]

*Personal Property—Judicial Sales—Failure of Title—Remedy
—Exemptions—Waiver—Statute of Frauds—Common Law.*

Personal Property—Judicial Sales—Failure of Title—Remedy.
　1.　Though a purchaser of real property at a judicial sale, title to which fails, has a double remedy under section 6844, Revised Codes, *viz.*, he may bring action in the nature of one for money had and received, or have the original judgment revived for his own use and benefit and proceed against the judgment debtor, a buyer of personalty is confined to the latter remedy.

Common-law Actions—Rule.
　2.　Common-law actions cannot be maintained in this state, where provision is made by the Code prescribing the remedy.

Personal Property—Exemptions—Duty of Claimant.
　3.　Where a debtor owns more property of a given class than the law exempts, he must, in order to secure the benefit of the exemption, identify the property he claims as exempted and segregate it from the portion liable to seizure.

Same—Exemptions—Sale—Waiver.
　4.　The right to claim property as exempt may be waived, and is waived when it is sold, since one cannot claim exemption in property which he does not own.

Same—Statute of Frauds—Title of Vendee.
　5.　Where there has been a sale of personal property not accompanied by an immediate delivery and followed by an actual and continued change of possession, the vendee takes title subject to the claim of the vendor's creditor.
　　[As to when a delivery of personal property does not pass title, see note in 120 Am. St. Rep. 868.]

*Appeals from District Court, Flathead County; T. A. Thompson, Judge.*

ACTION by A. D. Tetrault against A. J. Ingraham, Sheriff, and the Kalispell Mercantile Company. Plaintiff had judgment, and defendants appeal from it and an order denying them a new trial. Reversed.

*Mr. C. W. Pomeroy,* for Appellants, submitted a brief, and argued the cause orally.

On liability of execution creditor for return of purchase price upon failure of title to property sold on execution, see note in 36 L. R. A. (n. s.) 1218.

*Mr. G. H. Grubb* and *Mr. F. D. Lingenfelder,* for Respondent, submitted a brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1912 the Kalispell Mercantile Company recovered judgment against Clyde Drollinger, caused an execution to be issued thereon and placed in the hands of the sheriff for service. The sheriff levied upon two horses found in the possession of Drollinger, and, after due notice, sold them at public auction to A. D. Tetrault for $340, which amount was paid over and the judgment satisfied. Immediately prior to the sale Drollinger made claim that the property was exempt and notified the sheriff, who in turn notified the judgment creditor. An indemnifying bond was given and the sale proceeded, but when the property was exposed for sale no mention was made of the fact that the property was claimed as exempt and Tetrault had no notice of the fact until after he had paid over the purchase price. On the same day, but after the sale, Drollinger commenced an action in claim and delivery against Tetrault, and such proceedings were had that a judgment was rendered in that action in favor of Drollinger for the return of the horses. Tetrault then commenced this action against the sheriff and the Mercantile Company.

In addition to the foregoing facts it is alleged that the property sold by the sheriff and purchased by Tetrault "was at all said time exempt by law from execution and sale under and by virtue of the laws of the state of Montana." It is further alleged that the sheriff and the Mercantile Company failed, refused and neglected to make known the fact that an exemption claim had been made, but kept such fact secret "for the purpose of injuring and defrauding this plaintiff and the public, and did defraud this plaintiff," out of $340. Issues were joined and the cause tried, resulting in a judgment for plaintiff. Defendants have appealed from the judgment and from an order denying them a new trial.

The complaint presents something of a dual character—for money had and received, and for damages for deceit—but the theory upon which the trial court proceeded is not left in doubt. By Instruction No. 1 the court told the jury that the action was upon the common law count for money had and received. The court also refused defendants' offered Instructions 6 and 8, which presented the question of defendants' liability for damages for deceit. In support of the theory adopted by the trial court, counsel for respondent cite *Dresser* v. *Kronberg*, 108 Me. 423, Ann. Cas. 1913B, 542, 36 L. R. A. (n. s.) 1218, 81 Atl. 487. Whatever may be the rule in other jurisdictions, it is established in this state by statute. Section 6844, Revised Codes, provides [1] a remedy in the nature of an action for money had and received, but by its express terms it is applicable only to a sale of real estate. It also furnishes an additional remedy in case title to any property, real or personal, sold at sheriff's sale, fails. It provides that the purchaser may have the original judgment revived for his use and benefit and that he may proceed against the judgment debtor. Since this statute provides alternative remedies for the purchaser of real property, title to which fails, and but a single remedy for the purchaser of personal property, it must be held that the remedy thus provided was intended to be exclusive in all cases wherein failure of title alone furnishes the ground for complaint. (*United States ex-rel. Arant* v. *Lane*, 245 U. S. 166, 62 L. Ed. —, 38 Sup. Ct. Rep. 140.)

The common-law action for money had and received cannot [2] be maintained in this instance. "In this state there is no common law in any case where the law is declared by the Code or the statute." (Sec. 8060, Rev. Codes.) "The Code establishes the law in this state respecting the subjects to which it relates." (Sec. 8061.)

Whether this complaint can be made to state a cause of action for damages for deceit is not now before us.

In the trial of the action the court also proceeded upon the theory that the question whether the property sold by the sheriff

was exempt, was in issue and was to be determined independently of the evidence furnished by the judgment-roll in the claim and delivery action. Instructions 6 and 9, given by the court, presented this question fully and the ruling of the court upon the admission of the judgment-roll limited its evidentiary value to establishing the fact that the horses had been retaken from Tetrault. Upon the theory thus adopted, the court erred in overruling defendants' motion for nonsuit.

There is not any substantive evidence in this record which even tends to show that the property was exempt; on the contrary, the evidence is uncontradicted that in December, 1911, Clyde Drollinger, then the owner of thirteen horses and considerable other personal property, gave a chattel mortgage upon all of it to the Bank of Commerce; that in October, 1912, the debt was discharged and the mortgage satisfied; that a few days later and on October 19, Clyde Drollinger sold all the property previously mortgaged to B. P. Drollinger, the consideration being the payment of the mortgage debt; that this sale was not accompanied by an immediate delivery followed by an actual and continued change of possession, but that the possession remained in the vendor; that on October 24 the sheriff seized two of the horses under the execution in favor of the Mercantile Company and noticed them for sale for October 30, and that immediately before the sale, Clyde Drollinger served upon the sheriff an affidavit and notice of exemption. We shall not stop to consider whether, if the two horses seized by the sheriff had been the only horses owned by Clyde Drollinger at the date of the sale by him to B. P. Drollinger, the transaction would fall under the ban of section 6128, Revised Codes. That is not this case, and the rule adverted to in *Cushing* v. *Quigley,* 11 Mont. 577, 29 Pac. 337, has no application. Neither is it material to determine whether a debtor must specify the particular property which he claims as exempt when his entire holdings do not exceed the amount allowed by law as exempt. By sections 6824 and 6825, [3] Revised Codes, only three of the thirteen horses. could be claimed as exempt. Where a debtor owns more property of a

given class than the law exempts, it is necessary for him, in order to secure the benefit intended to be conferred, to identify the particular property to which his claim attaches; that is, to segregate it from the portion liable to seizure, for under such circumstances the statutes above do not undertake to impress the seal of exemption upon any individual animals or articles of property. (*Field* v. *Ingreham*, 15 Misc. Rep. 529, 37 N. Y. Supp. [4] 1135; 11 R. C. L. 549, 550.) The right to claim property as exempt is a personal privilege conferred by statute. It may be waived, and is waived when the property itself is sold. (*Wyman* v. *Gay*, 90 Me. 36, 60 Am. St. Rep. 238, 37 Atl. 325.) The interest of the vendor in it ceases, and it is elementary that one cannot claim exemption in property which he does not own. (18 Cyc. 1382; *Bohn* v. *Weeks*, 50 Ill. App. 236.)

Though the sale by Clyde Drollinger to B. P. Drollinger was void as against the Mercantile Company, it was valid as between the parties to it, and operated to transfer title to B. P. Drollinger. It could only be set aside to the extent of the creditor's claim, and the overplus realized at the sheriff's sale belonged to B. P. Drollinger, not to the fraudulent vendor. (20 Cyc. 617, 622.)

Counsel for respondent contend that if title had passed to B. P. Drollinger, then the horses were not subject to seizure in [5] satisfaction of Clyde Drollinger's debt. It may be conceded, as a general rule, that the property of one person may not be subjected to the satisfaction of the debt of another; but to that rule section 6128 above has made an exception, and where, as in this case, there has been a sale of personal property not accompanied by an immediate delivery and followed by an actual and continued change of possession, the vendee takes title subject to the claim of the vendor's creditor; so that there is not any inconsistency involved in appellants' contention that title to these horses passed to B. P. Drollinger so as to defeat Clyde Drollinger's claim of exemption, and that they were liable to seizure at the instance of Clyde Drollinger's creditor.

It is not necessary to consider appellants' other specifications of error.

The judgment and order are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.