No. 85-30

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

FRANK KOVACICH,

      Plaintiff and Respondent,

  -vs-

JIM NORGAARD,

      Defendant and Appellant.

---

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter Rapkoch, Judge presidng.

COUNSEL OF RECORD:

    For Appellant:

        Jon A. Oldenburg, Lewistown, Montana

    For Respondent:

        Thomas P. Meissner, Lewistown, Montana

---

Submitted on Briefs: Dec. 19, 1985

Decided: April 15, 1986

Filed: APR 15 1986

*Ethel M. Harrison*
Clerk

Mr. Justice John C. Harrison, delivered the Opinion of the Court.

This is an appeal from an Order of the District Court of the Tenth Judicial District of the State of Montana in and for Fergus County. The Court set aside defendant's Writ of Prohibition, permitting plaintiff to proceed with the sale of a motor vehicle previously subject to execution. We affirm.

The single issue on appeal is whether the District Court erred in allowing Kovacich to proceed with the sale of the vehicle in question.

A complaint filed by Kovacich in January, 1983, alleged Norgaard's failure to make payments to Kovacich for the purchase of farm machinery. After a bench trial, the court entered judgment in favor of Kovacich in the amount of $6,338.67, plus interest and costs. Kovacich made several attempts to collect on the judgment, one of which led to this appeal.

The first attempt to levy against the truck was unsuccessful. Norgaard, learning the truck was going to be seized, removed it from a consignment lot in Lewistown, Montana, and concealed its whereabouts. A hearing was held in March for the purpose of requiring Norgaard to testify under oath as to his property. Norgaard admitted he had taken the truck to the consignment lot. He testified he then removed it and sold it to Don McNair, a close friend. Norgaard claimed NcNair loaned him $2,500 and also paid off the lien the bank had against the truck. He testified he did not know the present location of the truck.

In May McNair gave Norgaard $300 and three collector's guns, and Norgaard gave him the certificate of title. McNair

2

did not re-register the truck in his name, or purchase insurance for the truck, although in July he testified he considered himself to be the owner.

No further action was taken until June. Norgaard had returned the truck to the consignment lot, supposedly at McNair's request. The Registrar of Motor Vehicles verified the truck was registered in Norgaard's name. A second Writ of Execution was issued, pursuant to which the Fergus County Sheriff seized the truck. Norgaard obtained a Writ of Prohibition preventing the sale of the truck. At a hearing on the Writ in July, Norgaard testified he had concealed the truck in March by driving it to a consignment lot in Billings so he "wouldn't loose it." He further testified he paid off the bank with the $2,500 McNair had given him. McNair testified that the $2,500 was a loan to be used as partial payment on the truck.

The truck was levied against while it was on the Lewistown lot. Norgaard obtained a Writ of Prohibition to stop the Sheriff's sale of the vehicle. Following a hearing, the court set aside the Writ and allowed Kovacich to proceed with the sale. It is from this Order that Norgaard appeals.

Norgaard argues the District Court erred in allowing Kovacich to proceed with the sale of the 1980 Ford pick-up truck. The resolution of this issues turns on whether the transaction between Norgaard and McNair was an attempt by Norgaard to defraud his creditor.

Norgaard argues there was a valid sale of the truck and ownership was transferred to McNair. In this case it is not important whether or not ownership was transferred to McNair. Of paramount significance is that neither Norgaard nor McNair

followed the procedure necessary for transferring title as far as third persons are concerned.

A primary purpose of the procedures set forth in § 61-3-201, MCA, is to provide a means either of actual or constructive notice of ownership of motor vehicles. This concept is implicit in the statute, particularly in the language of subsection (7) which states in part: "Certificates of ownership shall remain valid until cancelled by the department . . . " In other words, the owner of a motor vehicle is that person whose name appears on the certificate of ownership, thus providing notice to all third-persons of such ownership.

The notice function of the registrar of motor vehicles is further evident from a review of § 61-3-103, MCA. That section specifies that motor vehicle security interests are invalid unless a true copy is received by the division. Creditors and subsequent purchasers must be protected from failure of a secured party to file proof of a security interest. Likewise, judgment creditors are entitled to rely on ownership as reflected in the division's records.

There is further statutory protection for Kovacich. Unless any transfer of ownership from Norgaard to McNair was accompanied by an immediate delivery and followed by an actual and continued change of possession of the truck, the transfer "is conclusively presumed to be fraudulent and therefore void against those who are his creditors while he remains in possession . . . " Section 31-2-315, MCA. There is no evidence of an immediate delivery or of any actual change of possession of the truck.

> Ordinarily, as between the parties, a
> delivery is not essential to complete a
> sale, but as to creditors . . . it is

4

> absolutely indispensable . . . It is the
> general rule that to defeat the claim of
> a creditor of the vendor the change of
> possession must be so open and so long
> continued as to indicate to the world at
> large that there has been a transfer of
> title.

Perry v. Mullin (1928), 81 Mont. 482, 486, 263 P. 976, 977.

See also Puckett v. Hopkins (1922), 63 Mont. 137, 140, 206 P.

422, 423.

In the case at bar it appears no one had notice of a transfer of title. If there had been a valid sale from Norgaard to McNair but the sale was "not accompanied by an immediate delivery and followed by an actual and continual change of possession, the vendee [McNair] takes title subject to the claim of the vendor's creditors [Kovacich] . . . " Tetrault v. Ingraham (1918), 54 Mont. 524, 528, 171 P. 1148, 1150. If, on the other hand, there was not a valid sale from Norgaard to McNair, Kovacich certainly can levy against Norgaard's truck. The Order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_William E Huntly_

_L. C. Gulbrandson._

Justices

6