No. 90-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN THE MATTER OF THE ESTATE OF
LEONARD LEROY SANDVIG, Deceased.


CHARLES E. BRENTON and ARLA MAE BRENTON,

     Petitioners and Appellants,

  v.

THE ESTATE OF LEONARD LEROY
SANDVIG, Deceased,

     Respondent and Respondent.


APPEAL FROM:  District Court of the Fourteenth Judicial District,
             In and for the County of Musselshell,
             The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

     For Appellants:

        Malcolm H. Goodrich, Crowley Law Firm,
        Billings, Montana

     For Respondent:

        John L. Pratt, Ask & Pratt, Roundup, Montana

FILED

SEP 24 1991

Filed:  *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  May 30, 1991

Decided:  September 24, 1991

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Charles B. Brenton and Arla Mae Brenton appeal an order from the Fourteenth Judicial District, Musselshell County, denying their petition for Allowance of Judgment Debtors' Interest in a 1929 Model A Ford automobile.

We affirm.

Appellants raise the following issues:

1. Whether the District Court erred when it held that the operation of § 25-13-609(2), MCA, is not automatic.

2. Whether the District Court erred when it held that appellants waived an exemption in a 1929 Model A Ford automobile under the provisions of § 25-13-609(2), MCA.

On October 9, 1988, the District Court issued a writ to sell the 1929 Model A Ford automobile to satisfy a judgment in favor of the personal representative of the Estate of Leonard Leroy Sandvig against appellants. The amount of the judgment was $7892.

On November 25, 1988, the Model A Ford was sold at a sheriff's sale for $7000. After deducting $66 for sale costs, the remaining proceeds were paid to the personal representative of the estate. The money was deposited in the attorney's trust account and distributed to pay estate costs and attorney's fees. These costs exceeded $6934 and depleted the proceeds. Appellants made no claim of exemption under § 25-13-609(2), MCA, until after the sheriff's sale.

On December 21, 1988, appellants executed a joint voluntary petition for bankruptcy. The judgment of $7892 was listed as an

2

unliquidated debt. The bankruptcy schedules failed to list a claim of their interest in the Model A Ford, and did not indicate any claims against the Sandvig estate. Appellants listed the levy of execution of the Ford as having been seized under legal process within the year immediately preceding the filing of the original petition. They did not claim the Ford exempt. They did, however, claim as exempt a $900 vehicle owned by the husband. The Ford was jointly owned.

On January 6, 1989, appellants filed pro se petitions, which where subsequently amended, for recovery of $1200 for each individual, together with interest at 10 percent per annum until paid, from the Sandvig estate for their exemption interest as judgment debtors in the Model A Ford.

On September 20, 1990, the District Court issued an order denying appellants interest in the Model A Ford, as they had waived such interest in light of their previous exemption in bankruptcy. It is from this order that appellants appeal. Because the two issues are closely related, we will discuss them simultaneously.

Section 25-13-609, MCA, grants certain personal property exemptions subject to value limitations. The purpose of the exemption statutes is to attempt to strike a balance between the debtor's need to maintain a livelihood through rehabilitation while doing as little damage as possible to the creditor's ability to collect money. 31 Am.Jur.2d Exemptions § 4 (1989). The exemption statutes are a personal privilege granted by the legislature. Tetrault v. Ingram et al. (1918), 54 Mont. 524, 525, 171 P. 1148,

1149. The exemptions should not exceed the means necessary for the support and rehabilitation of the debtor and his dependents. To do so would create a windfall for the debtor and deny creditors payments to which they are entitled. 31 Am.Jur.2d Exemptions § 4 (1989).

Section 25-13-609, MCA, provides in part that:

A judgment debtor is entitled to exemption from execution of the following:

. . . .

(2) the judgment debtor's interest, not to exceed $1,200 in value, in one motor vehicle . . . . [Emphasis added.]

Appellants argue that § 25-13-609(2), MCA, is automatic and excuses them from taking any affirmative steps to protect their interest in the Model A Ford. We disagree.

Our codes fail to provide a specific procedure on how a judgment debtor should claim certain property exempt. Previously, this Court has held that a judgment debtor must take some sort of affirmative action in order to claim property exempt.

Where a debtor owns more property of a given class than the law exempts, it is necessary for him, in order to secure the benefit intended to be conferred, to identify the particular property to which his claim attaches . . . .

Tetrault, 171 P. at 1149. In addition, federal bankruptcy law requires debtors to file a list of property claimed as exempt. 11 U.S.C. § 522 (1988).

Moreover, we have noted that there is an informal procedure which exists for a debtor to follow in order to assert his exemption.

4

> Frequently persons desiring to claim property as exempt from attachment or execution file a sworn claim with the officer making the levy, who, if he retains the property, ordinarily demands an indemnity bond.

State ex rel Bartol v. Justice of the Peace Court (1936), 102 Mont. 1, 5, 55 P.2d 691, 692-93. Therefore, we hold that the debtor is required to take certain affirmative steps to inform creditors of an exemption.

In this case, appellants claimed an exemption for another motor vehicle in the bankruptcy proceeding. While in bankruptcy they did not claim an exemption in the Model A Ford, nor did they assert a claim against the Sandvig estate.

In addition, § 25-13-609(2), MCA, grants an exemption in only one motor vehicle. It does not grant an exemption in all of appellants' motor vehicles. By exempting the husband's vehicle, appellants made their election. Granting an additional election would create a windfall for appellants. If the statute were automatic, creditors would not be able to determine which of the debtor's motor vehicles would be exempt.

We affirm the District Court.

_William E. Hunt Sr_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

5

_____
Karla M. Gray

_____
Justices