No. 01-037

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2002 MT 27

LEWISTOWN PROPANE COMPANY,
a Montana Corporation,

   Plaintiff/Appellant,

  v.

TOM H. FORD, individually and d/b/a
FORD CATTLE COMPANY; VICKI EHLERT
and ROBERT EHLERT, husband and wife,

   Defendants/Respondents/Cross-Appellants.

RAYMOND BECKY,

   Intervenor/Respondent.

FILED

FEB 2 5 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Tenth Judicial District,
      In and for the County of Fergus,
      The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Jon A. Oldenburg, Attorney at Law, Lewistown, Montana

   For Respondent Ford:

     Allen Beck, Attorney at Law, Billings, Montana

   For Intervenor:

     Lori A. Armstrong, Attorney at Law, Butte, Montana

       Submitted on Briefs: December 6, 2001

          Decided: February 25, 2002

Filed:

       _____
         Clerk

**Justice Jim Regnier delivered the Opinion of the Court.**

¶1 Lewistown Propane Company ("Lewistown Propane") brought an action against Tom Ford to collect on an unpaid account. After Ford executed a Confession of Judgment, Lewistown Propane obtained a writ of execution and levied execution on an aircraft. Raymond Becky sought to intervene, claiming that Ford had transferred the plane to him before Lewistown Propane levied on the aircraft. The Tenth Judicial District Court, Fergus County, issued an order permanently restraining Lewistown Propane from executing on the aircraft. Lewistown Propane appeals and we reverse.

¶2 The following issue is dispositive of this appeal:

¶3 Did the District Court err in ruling that no lienable interest remains with a judgment creditor when a judgment debtor conveys an airplane to a third party prior to an entry of judgment without registering the conveyance with the Federal Aviation Administration?

PROCEDURAL AND FACTUAL BACKGROLJND

¶4 The facts surrounding this matter are largely undisputed. Lewistown Propane is a Montana corporation that sells and provides propane, fertilizer and other similar products to the public. Ford, or his family members, purchased products from Lewistown Propane for which they have never paid. On September 8, 1999, Ford, as an individual and on behalf of the Ford Cattle Company, executed a Promissory Note and Agreement (the "Promissory Note"). Under the terms of the Promissory Note, Ford agreed to pay Lewistown Propane $28,503.62 within six months of the date of the note, along with interest of 10% per annum.

2

¶5     On December 14, 1999, Lewistown Propane filed a complaint against Ford and his family members for collection of the Promissory Note and payment of its account receivable. Ford subsequently filed a Confession of Judgment (the "Confession") with the District Court. The Confession was dated March 7, 2000, one day before the due date of the Promissory Note, and was for $28,503.62 plus interest.

¶6     During this time, Raymond Becky had allegedly been helping Ford to refinance his debt. On February 11, 2000, Ford sold three pieces of farm machinery and a 1974 Super Piper Cub Aircraft PA18-150 (the "Piper aircraft") to Becky. Neither Ford nor Raymond Becky notified the State of Montana or the Federal Aviation Administration (the "FAA") that Ford had transferred the airplane to Becky.

¶7     As consideration for the transfer of assets, Ford was to receive an interest in a business venture in British Columbia, Canada, known as the Gold River Power Corporation. To this end, Becky pledged the assets from the sale as collateral for a loan from Western Security Bank of Butte, Montana. The funds from the sale were then wired to Canada for use in purchasing the Gold River pulp facility. During this time, Ford retained possession of the aircraft and farm machinery in Fergus County.

¶8     In an attempt to collect on its judgment, Lewistown Propane inquired about the ownership of the Piper aircraft with the Montana Department of Transportation Aeronautics Division and the FAA. Through these records, Lewistown Propane determined that the Piper aircraft was registered in Ford's name, no liens or encumbrances existed against the plane and Ford had paid the annual registration fees to the FAA. On July 7, 2000, Lewistown

3

Propane obtained a Writ of Execution and, about a week later, seized the Piper aircraft. Lewistown Propane has had the plane in its possession since that time. On July 17, 2000, Lewistown Propane filed a Notice of Execution Levy addressed to Ford, advising him that it had executed on the Piper aircraft and intended to sell the plane in order to satisfy its judgment against Ford. Upon learning of Lewistown Propane's seizure of the aircraft, Becky moved for permission to intervene in the case, which the District Court granted on July 24, 2000. As part of the same motion, Becky sought a stay of execution of judgment, which the District Court also granted.

¶9     The District Court entered an Order Permanently Granting Ex Parte Motion to Stay Execution of Judgment as it Relates to a 1974 Super Piper Cub Aircraft PA18-150 on October 23, 2000. In that order, the District Court directed Lewistown Propane to return the aircraft to Becky. Lewistown Propane now appeals.

## DISCUSSION

¶10    Did the District Court err in ruling that no lienable interest remains with a judgment creditor when a judgment debtor conveys an airplane to a third party prior to an entry of judgment without registering the conveyance with the Federal Aviation Administration?

¶11    Section 503(c) of the Federal Aviation Act of 1958 requires that "every aircraft transfer must be evidenced by an instrument, and every such instrument must be recorded, before the rights of innocent third parties can be affected." *Philko Aviation, inc. v. Shacket* (1983), *462* U.S. 406, 409-10, 103 S. Ct. 2476, 2478, 76 L. Ed. 2d 678, 682. Congress' purpose in creating this registration scheme was to establish a central clearing house of

4

recorded titles so that a person can readily find any legal interest against an aircraft. *See Philko, 462 U.S.* at 411, 103 S. Ct. at 2479, 76 L. Ed. 2d at 683 (citing *Hearings on HR 9738 Before the House Comm. on Interstate and Foreign Commerce,* 75th Cong., 3d Sess., p. 407 (1938) (testimony of F. Fagg, Director of Air Commerce, Dept. of Commerce). Under this scheme, state law determines the priorities between competing claims, but "all interests must be federally recorded before they can obtain whatever priority to which they are entitled under state law." *Philko,* 462 U.S. at 413, 103 S. Ct. at 2480, 76 L. Ed. 2d at 684. This case thus requires us to determine the priority between a judgment creditor and a third party purchaser under Montana law where the parties to the sale did not federally register the conveyance.

¶12 While we have not yet addressed this question, several other jurisdictions have decided this issue. A Hawaii Court of Appeals, for instance, determined that a third party purchaser's ownership interest in an aircraft derived through an unrecorded conveyance did not cut off a judgment creditor's right to levy on the aircraft. *See Bank of Honolulu v. Davids* (1985), 709 P.2d 613, 619. Other courts, however, have come to an opposite conclusion on the grounds that a judgment creditor does not have the same claim as would an innocent purchaser for value because a judgment creditor derives his rights from the debtor. In these cases, the courts have reasoned that because a debtor does not have a claim for the aircraft against the party to whom he sold it, the creditor, in turn, no longer has a claim for the aircraft. *See, e.g., Compass Ins. Co. v. Moore* (8th Cir. 1986), *806 F.2d 796; General Dynamics Corp. v. Zantop Int 'I Airlines* (Ark. Ct. App. 1985), 708 P.2d 773.

5

¶13　Turning to Montana law, Ford and Becky urge us to follow our decisions involving the conveyance of real property. Under this line of cases, judgment liens on real property only attach to the actual interest of the judgment debtor. *See, e.g., Hannah v. Martinson* (1988), 232 Mont. 469, 472, 758 P.2d 276, 278-79 (holding that a sale of real property cut off a judgment creditor's lien because a judgment lien can only attach to the actual interest of the judgment debtor); *Vaughn* v. *Schmalsle* (1890), 10 Mont. 186, 195, 25 P. 102, 103 (noting that an unrecorded mortgage supersedes a subsequently acquired judgment lien because a judgment creditor does not acquire superior rights to the debtor's assets than the debtor had when the judgment was rendered). Therefore, Ford and Becky argue that because the sale was valid between them, Lewistown Propane no longer has an interest in the Piper aircraft.

¶14　The Piper aircraft, however, is personal property. We thus conclude that a more analogous precedent is a previous decision of ours regarding the conveyance of personal property. In *Kovacich* v. *Norgaard* (1986), 221 Mont. 26, 716 P.2d 633, a judgment creditor attempted to levy on a truck owned by a judgment debtor. Before the creditor could levy on the truck, the debtor conveyed the truck to a third party. As with the case now before us, the parties to the conveyance failed to properly register the change in ownership. The creditor eventually levied on the truck, but the debtor obtained a writ of prohibition to stop the sale. The district court set aside the writ of prohibition and we affirmed the court's ruling. In reaching our conclusion, we noted that the parties' failure to follow the proper procedure for transferring title in relation to third parties was particularly significant. See *Kovncich, 221*

Mont. at 28, 7 I6 P.2d at 634. We reasoned that "[c]reditors and subsequent purchasers must be protected from failure of a secured party to tile proof of a security interest. Likewise, judgment creditors are entitled to rely on ownership as reflected in the division's records." *Kovacich,* 221 Mont. at 28,716 P.2d at 635.

¶15 Here, it is uncontested that Becky and Ford failed to follow the proper procedure under Federal law for conveying an aircraft. Therefore, applying *Kovacich* by analogy, we conclude that Lewistown Propane, as a judgment creditor, was entitled to rely on the records of the FAA. Because Becky's ownership interest was unrecorded at the time of Lewistown Propane's execution of the levy, Becky's interest is thus invalid as to Lewistown Propane and could not cut of its right to levy on the aircraft.

¶16 Ford and Becky argue that, because they have since recorded the transfer with the FAA and Lewistown Propane has not yet recorded its interest in the Piper aircraft, their interest in the plane is now superior. This argument is without merit because a failure to record affects the rights of innocent thirdparties. *See Philko, 462 U.S.* at 409-10, 103 S. Ct. at 2478, 76 L. Ed. 2d at 682. Ford and Becky, however, were both clearly aware that Lewistown Propane had levied on the aircraft when they registered the transfer with the FAA. Therefore, they are not innocent third parties and may not rely on the federal recording statute to defeat Lewistown Propane's claim.

¶17 Reversed.

_____
Justice

7

We Concur:

_____
Chief Justice

_____

_____

_____
Justices